SOUND INVESTMENT & REALTY CO. et al. v. HARPER, Judge.

No. 14071.

United States Court of Appeals
Eighth Circuit.

Dec. 20, 1949.

Rehearing Denied Jan. 13, 1950.

Ninian M. Edward, St. Louis, Mo. (Charles L. Moore, St. Louis, Mo., on the brief), for petitioners.

Gillette F. Wright, St. Louis, Mo., for respondent.

Before GARDNER, Chief Judge, and SANBORN and THOMAS, Circuit Judges.

GARDNER, Chief Judge.

This is an original proceeding brought by petitioners against Honorable Roy W. Harper, United States District Judge for the Eastern District of Missouri, by which petitioners seek a writ of mandamus, or in the alternative a writ of prohibition. On January 22, 1949, Edward DePlomb filed an action in the United States District Court for the Eastern District of Missouri, under the Housing and Rent Act of 1947, as amended, 50 U.S.C.A.Appendix, § 1881 et seq., against petitioners as defendants, by which plaintiff therein seeks to recover judgment for excess rentals collected by defendants in that action. By his amended complaint DePlomb alleged that defendants collected from him a total amount of $712.50 excess rental, and he charged that "Jurisdiction of this action is conferred on this court by Section 205 of the Housing and Rent Act of 1947 as amended." Plaintiff in that action seeks to recover $2,137.50, being three times the excess rental collected by defendants from plaintiff. He also seeks to recover costs and reasonable attorney fees.

In due time defendants therein moved for a dismissal of the action on the ground that the court lacked jurisdiction over the subject matter and over defendants in that the action was for the recovery of an amount less than $3,000, and that there was no diversity of citizenship between the plaintiff and the defendants, all the parties being residents and citizens of the State of Missouri. Defendants' motion to dismiss was overruled and the action set down for trial by the Honorable Roy W. Harper, United States District Judge for the Eastern District of Missouri, the respondent herein. It is charged in the present proceeding that respondent, in overruling the motion to dismiss the amended complaint and plaintiff's action and in accepting jurisdiction in said cause exceeded his jurisdiction, and that unless this court issue its writ of mandamus directing respondent to set aside the order overruling petitioners' motion to dismiss and ordering said cause to trial, or in the alternative a writ of prohibition prohibiting respondent from exercising further jurisdiction in said cause other than to dismiss the same, petitioners will suffer irreparable injury in that petitioners will be put to great loss of time and expense in the preparation of the defense of said cause and the trial thereof, and in that petitioners have no adequate remedy by appeal herein. It is further charged that this cause is one of a large number of similar causes that are pending in all of the District Courts of the Eighth Judicial Circuit; that there have been at least three decisions of other District Courts of the United States affirmatively holding that the United States District Courts have no jurisdiction of suits by tenants against landlords under the Housing and Rent Act for amounts less than $3,000. It is also alleged that the conflicting rulings have created confusion and uncertainty and that the same involve a multiplicity of civil actions and "petitioners further state that the aforesaid facts reveal such 'special circumstances' as to constitute this proceeding as a 'rare and exceptional case' which requires an authoritative ruling on this question by this court." There is no allegation or claim that the other actions referred to are against petitioners, or that they have any interest therein.

■ In the circumstances disclosed by this record it will not, we think, be necessary nor appropriate to consider the merits of petitioners' objection to the jurisdiction of the trial court and we shall confine our consideration to the question of procedure. There can be no doubt that Congress has power to confer original jurisdiction in mandamus and prohibition on the various inferior Federal Courts, and Congress has conferred jurisdiction on appellate Federal Courts to issue writs of mandamus, to enforce certain specific acts or duties, and to protect or effectuate their own jurisdiction. Barber Asphalt Paving Co. v. Morris, 8 Cir., 132 F. 945. The Federal Rules of Civil Procedure abolish in form writs of mandamus, Rule 81(b), Federal Rules of Civil Procedure, 28 U.S.C.A., but provide that the relief formerly available by mandamus may be obtained by appropriate actions or appropriate motions. The writ, however, may not be invoked as a substitute for appeal and it will not lie as a general rule where there is a remedy by appeal even in cases where such an appeal may involve

inconvenience, delay or expense to the petitioner. Federal Savings & Ins. Corp. v. Reeves, 8 Cir., 148 F.2d 731; Kay Ferer, Inc., v. Hulen, 8 Cir., 160 F.2d 146; Minnesota & Ontario Paper Co. v. Molyneaux, 8 Cir., 70 F.2d 545; Roche v. Evaporated Milk Ass'n, 319 U.S. 21, 63 S.Ct. 938, 943, 87 L.Ed. 1185.

While it is alleged that there are a number of other similar cases, the petitioners are not parties to any such actions, and it would not seem to be material to their standing that there are other similar cases. The other special circumstance alleged is that of inconvenience and expense involved in the trial of their cause and the prosecution of an appeal in the event of an adverse decision. The Supreme Court in Roche v. Evaporated Milk Assn., supra, in response to a similar contention, said,

"Respondents stress the inconvenience of requiring them to undergo a trial in advance of an appellate determination of the challenge now made to the validity of the indictment. We may assume, as they allege, that that trial may be of several months' duration and may be correspondingly costly and inconvenient. But that inconvenience is one which we must take it Congress contemplated in providing that only final judgments should be reviewable. Where the appeal statutes established the conditions of appellate review an appellate court can not rightly exercise its discretion to issue a writ whose only effect would be to avoid those conditions and thwart the Congressional policy against piecemeal appeals in criminal cases. * * *

" * * * Here the inconvenience to the litigants results alone from the circumstance that Congress has provided for review of the district court's order only on review of the final judgment, and not from an abuse of judicial power, or refusal to exercise it, which it is the function of mandamus to correct. Hence there are in this case no special circumstances which would justify the issuance of the writ, * * *."

The application is addressed to the sound judicial discretion of the court but is subject to rules of procedure governing such matters. Before the court will issue the writ it must be made to appear that the petitioner has an unquestioned legal right to have the performance of the particular duties sought to be enforced. It must also appear that petitioner has no other plain, adequate and complete method of obtaining the relief to which he is ultimately entitled. In other words, it must appear that without the issuance of the writ there will be a miscarriage of justice.

The petition will therefore be denied.