Conrad G. Moffett, Philadelphia, Pa., for appellant.

Thomas D. McBride, Philadelphia, Pa., for appellees.

Before MARIS, McLAUGHLIN and KALODNER, Circuit Judges.

Chester D. Johnson, Minneapolis, Minn. (Irving H. Green, Minneapolis, Minn. on the brief), for petitioner.

Warren Newcome, St. Paul, Minn. (Gerald F. Fristensky and George H. Henke, St. Paul, Minn., on the brief), for intervener.

Before GARDNER, Chief Judge, and SANBORN, Circuit Judge.

**LARSEN v. NORDBYE, Judge (CHICAGO & N. W. R. CO., Intervener).**

No. 14131.

United States Court of Appeals Eighth Circuit.

May 1, 1950.

PER CURIAM.

This Court, on April 21, 1950, at St. Paul, Minnesota, heard this petition for a writ of mandamus or of prohibition. Counsel for the petitioner had urged upon us the necessity for a speedy hearing and decision. We heard the matter promptly, and at the close of the arguments, denied the petition upon the ground that the petitioner was not entitled to a writ.

The broad question presented was whether this Court, in a mandamus proceeding, would review an order of a District Judge denying a motion, based upon Rule 41(a) (2) of the Federal Rules of Civil Procedure for the United States District Courts, 28 U.S.C.A., to dismiss an action without prejudice, upon terms.

The petitioner brought an action in the United States District Court for the District of Minnesota against the Chicago & Northwestern Railway Company, under the Federal Employers' Liability Act, upon a claim which arose in the Southern District of Iowa. The Railway Company answered and moved that the case be transferred to the United States District Court for the Southern District of Iowa, pursuant to § 1404(a), Title 28 U.S.C.A. The motion was heard and granted by Judge Nordbye, the case was ordered transferred, and a ten-day stay was allowed. The petitioner, without moving to set aside or modify the order of transfer, but within the period of the stay, applied to Judge Joyce for an order permitting her to dismiss her action, without prejudice, upon terms. Her motion was denied. She then applied to this Court for a writ to compel Judge Nordbye or Judge Joyce to grant her motion for a dismissal without prejudice.

Whether Judge Joyce's action in denying petitioner's motion to dismiss without prejudice was correct or incorrect, we think it was not reviewable in mandamus or prohibition proceedings. Federal Savings & Loan Insurance Corporation v. Reeves, 8 Cir., 148 F.2d 731. In Hosey v. Kennamer, 8 Cir., 21 F.2d 64, this Court said: "* * When a question has been decided by the officer or person to whose judgment or discretion the law has intrusted its determination, the writ of mandamus may not issue to review or reverse that decision or to compel another. It may issue to command judicial officers to hear and to decide a question within their jurisdiction, but courts have no power by writ of mandamus to direct such officers how they shall decide such a question, or in whose favor they shall render their judgment, because such action would result in the substitution of the judgment and opinion of the commanding court for that of the judicial officer or officers to whose judgment and discretion the law intrusted the decision of the issue. For the same reason it cannot be invoked to compel a court or a judicial officer to reverse a decision already rendered, to correct an erroneous conclusion, or to render another decision. Kimberlin v. Commission to Five Civilized Tribes, 8 Cir., 104 F. 653, 655; Henderson Tire & Rubber Co. v. Reeves & Otis, Judges, 8 Cir., 14 F.2d 903, 906; Minnesota Moline Plow Co. v. Dowagiac Mfg. Co., 8 Cir., 126 F. 746, 748; Brictson Mfg. Co. v. Munger, Judge, 8 Cir., 20 F.2d 793." See, also, Sound Investment & Realty Co. v. Harper, 8 Cir., 178 F.2d 274, 276-277, and cases cited.

· All that this Court has decided, or could properly decide, at this time, is that the question of the correctness of Judge Joyce's ruling upon the petitioner's motion to dismiss her action, without prejudice, was not subject to review or reversal in this proceeding.