LEIMER v. REEVES, United States
District Judge.
No. 14160.

United States Court of Appeals
Eighth Circuit.
Oct. 18, 1950.

W. A. Leimer on brief for petitioner.

William A. Moran, Special Litigation Attorney, Office of Housing Expediter, Washington, D. C. Ed Dupree, General Counsel, Leon J. Libeu, Assistant General Counsel, Cecil H. Lichliter, Special Litigation Attorney, Washington, D. C. and Joseph E. Babka, Chief, Litigation Section, St. Louis, Mo., were with him on the brief), for respondent.

Before GARDNER, Chief Judge, and WOODROUGH and RIDDICK, Circuit Judges.

GARDNER, Chief Judge.

In this proceeding petitioner seeks a writ of prohibition directed to the Honorable Albert L. Reeves, United States District Judge for the Western District of Missouri, prohibiting him from taking further cognizance of a suit now pending before him in which Tighe E. Woods, Housing Expediter, is plaintiff and the petitioner herein is defendant. It is alleged in the petition in this proceeding that petitioner is the lessee of certain property located in Kansas City, Missouri, comprising eight apartments and one dwelling unit which he sublets; that in said suit Tighe E. Woods as Housing Expediter claims that defendant, petitioner herein, has exceeded the maximum fixed by the rent control law and seeks to recover triple penalties in the way of damages; that in said suit defendant claims that the property is renting at a loss; that he is entitled to a reasonable return on the investment in said property; that the rent allowed by the rent control is inadequate and confiscatory; that as defendant in that action he has made repeated attempts to secure a fair amortized return on his property through the administrative processes of the Housing and Rent Control Act, 50 U.S.C.A. Appendix, § 1881, et seq., but that through the connivance of the plaintiff, his agents and employees, he has been denied such relief in violation of the decision of the Supreme Court of the United States; that the alleged excessive

rental charges at no time exceeded the net fair income on such property but as defendant in said action he is to be denied an opportunity to present such testimony and evidence as would sustain his contention and he is being wrongfully excluded from said court and has no remedy as he lacks an opportunity to make a record that will establish facts upon appeal to this or the United States Supreme Court.

The petition contains many irrelevant allegations charging wilful and corrupt misconduct on the part of the Housing Expediter, his agents and employees, in the performance of their duties, which do not go to the question of the jurisdiction of the court to hear and determine the issues in said action even though it is alleged that the petitioner has conveyed or attempted to convey to Judge Reeves knowledge of the alleged acts of misconduct on behalf of the Expediter, his agents and employees. It is also alleged that petitioner has unsuccessfully sought to enlist the services of the United States Attorney General in the exposure of the alleged illegal practices of the Housing Expediter and his agents; that he has heretofore applied to this court for relief in the nature of mandamus against the Honorable Albert L. Reeves, to compel him to exercise the functions of his office and to allow and permit petitioner herein to make record, and to grant relief against the Housing Expediter, his agents and employees, but that his application was denied, 180 F. 2d 891; that he is endeavoring to perfect an appeal from the decision of this court to the Supreme Court but that during the interim and before he has had an opportunity to perfect an appeal, the Housing Expediter, his agents and employees, are attempting to trick and defraud him and to have the case tried in the United States District Court before he can perfect his appeal to the United States Supreme Court. It is also alleged that the Expediter, his agents and employees, have secreted valuable evidence, the nature of which is not disclosed; that petitioner is being persecuted because of his political activities and is being denied the right to manage his property and that the respondent has failed and refused to grant petitioner any protec-tion or any relief of a court of equity. It is also alleged that petitioner has made demand upon respondent for a jury trial, which has been denied; that the Housing Acts are violative of the spirit and letter of the Constitution of the United States and the Fifth Amendment thereto, as well as Article III. The petition contains many other charges going largely to the alleged misconduct of the Housing Expediter, his agents and employees, which in our view of the issues are not here material.

Respondent appearing by attorneys for the Housing Expediter in the action pending before respondent, has moved to dismiss the petition on the following grounds:

"1. Under the decisions of this Court in Leimer v. Reeves, 8 Cir., 180 F.2d 891, and Sound Investment & Realty Co. v. Harper, 8 Cir., 178 F.2d 274, the said petition may not be maintained and the relief sought therein should be denied.

"2. Respondent, as affirmatively appears from the petition, has jurisdiction of the parties and subject matter of the action therein referred to together with jurisdiction to render the rulings of which petitioner seeks to complain. Accordingly, there is no basis for a writ of prohibition to issue.

"3. The petition fails to present such extraordinary cause as to require the issuance by this Honorable Court of the extraordinary writ prayed.

"4. The petition fails to show any clear legal right in petitioner to compel the respondent from taking further cognizance of the present pending action, and fails to show that petitioner has no other plain, adequate and complete method of obtaining any relief to which petitioner may be entitled."

In a prior proceeding before this court petitioner sought a writ of mandamus on grounds not differing substantially from those relied on in the present proceeding. Leimer v. Reeves, 8 Cir., 180 F.2d 891. In that opinion we said *inter alia:* "The petition is dismissed upon the grounds that the rulings complained of are not reviewable in mandamus proceedings (Sound Investment & Realty Co. v. Harper, 8 Cir., 178

F.2d 274), that the issuance of a writ of mandamus is unnecessary to aid or to protect the jurisdiction of this Court (Roche v. Evaporated Milk Association, 319 U.S. 21, 25, 63 S.Ct. 938, 87 L.Ed. 1185), and that petitioner's remedy by appeal is adequate."

We have held substantially to the same effect in Larsen v. Nordbye, 8 Cir., 181 F.2d 765, and Larsen v. Switzer, 8 Cir., 183 F.2d 850.

In Sound Investment & Realty Co. v. Harper, supra, in denying a writ of mandamus or in the alternative a writ of prohibition, we said: "Before the court will issue the writ it must be made to appear that the petitioner has an unquestioned legal right to have the performance of the particular duties sought to be enforced. It must also appear that petitioner has no other plain, adequate and complete method of obtaining the relief to which he is ultimately entitled. In other words, it must appear that without the issuance of the writ there will be a miscarriage of justice." [178 F.2d 277.]

 Prohibition is sought against a court tribunal or person assuming to exercise judicial or quasi-judicial power, commanding the court or person exercising judicial or quasi-judicial power to cease from the exercise of a jurisdiction to which it has no legal claim. It is primarily a restraining rather than a corrective remedy. Being an extraordinary remedy it will not lie for grievances or errors which may be redressed or corrected in the ordinary course of judicial proceedings by other remedies provided by law. On application for prohibition the merits of the main case are not involved. So here we need not concern ourselves with the alleged misconduct of the Expediter, his agents and employees. The question is whether the court was clearly without jurisdiction. If the tribunal whose acts are complained of acts within its jurisdiction prohibition will not issue to restrain its actions, however erroneous they may be. In Ex Parte Fahey, Federal Home Loan Bank Commissioner, 332 U.S. 258, 67 S.Ct. 1558, 1559, 91 L.Ed. 2041, the Supreme Court, in considering a petition for writ of prohibition against a

United States District Judge, among other things said: "Mandamus, prohibition and injunction against judges are drastic and extraordinary remedies. We do not doubt power in a proper case to issue such writs. But they have the unfortunate consequence of making the judge a litigant, obliged to obtain personal counsel or to leave his defense to one of the litigants before him. These remedies should be resorted to only where appeal is a clearly inadequate remedy. We are unwilling to utilize them as a substitute for appeal. As extraordinary remedies, they are reserved for really extraordinary causes."

 In the instant case the respondent has jurisdiction of the subject matter and of the parties in the action referred to. Petitioner therefore has an adequate remedy by appeal. The petition is denied.