**HYDRAULIC PRESS MFG. CO. v. MOORE, Judge.**

No. 14251.

United States Court of Appeals, Eighth Circuit.

Dec. 15, 1950.

L. A. Robertson, A. A. Alexander, and Alexander & Robertson, all of St. Louis, Mo., for petitioner.

G. W. Marsalek and Moser, Marsalek, Carpenter, Cleary & Carter, all of St. Louis, Mo., for respondent.

Before SANBORN, JOHNSEN and RIDDICK, Circuit Judges.

SANBORN, Circuit Judge.

The Hydraulic Press Manufacturing Company has petitioned this Court for (1) a writ of prohibition to prevent the respondent from proceeding further in an action brought by Minnie Drake against the petitioner, which action is now pending in the United States District Court for the Eastern District of Missouri, and (2) a writ of mandamus (a) to compel the respondent to vacate his order of September 26, 1950, denying petitioner's motion to dismiss the action or to quash the return of process, and (b) to grant the motion.

The petitioner is an Ohio corporation. It manufactures and sells hydraulic presses. Its plant and headquarters are in Mount Gilead, Ohio. It has no office of its own in Missouri, is not licensed to do business in that State, and has no officers or employees in Missouri. During each of the years 1942 to 1948 petitioner sold some of its products in Missouri. The Blackman & Nuetzel Machinery Company, a Missouri corporation and a manufacturers' agent with an office in St. Louis, Missouri, was an authorized agent of petitioner for the solicitation of orders for its products in Missouri, to be accepted or rejected at petitioner's home office in Ohio. Upon such sales as the agent procured, it received a commission from the petitioner.

The action of Minnie Drake against the petitioner was brought in the Circuit Court of the City of St. Louis, Missouri, in 1948. Her complaint or petition reads as follows: "Plaintiff states that on or about the 17th day of April, 1945, she was engaged in her employment for Knapp-Monarch Company, a corporation, placing dies in a stamping or pressing machine designed, built, installed and inspected by defendant; that as a direct result of the negligence and carelessness of defendant in the designing,

building, installation and inspection of said machine, the same was caused and permitted to trip, repeat and operate unexpectedly, whereby plaintiff's left arm was caught and so severely injured and mangled as to necessitate amputation, all to plaintiff's injury in the sum of Forty Thousand Dollars ($40,000.00), for which sum, together with her costs, plaintiff prays judgment against defendant."

Service of process was made, or attempted to be made, upon petitioner by delivering a copy of the summons and complaint to an employee of the Blackman & Nuetzel Machinery Company at its office in St. Louis. The Sheriff's return of service reads as follows:

"Served this writ in the City of St. Louis, Missouri, on the within named defendant the Hydraulic Press Manufacturing Company, (a Corporation), this 7th day of April, 1948 by delivering a copy of the writ and petition as furnished by the Clerk to L. Thomas, Chief Clerk of the said defendant Corporation, he being in said defendant's usual business office and in charge thereof. The President or other Chief Officer of said Defendant could not be found in the City of St. Louis at the time of service.

"John F. Dougherty, Sheriff.
"(s) By Wm. Brown, Deputy."

The petitioner removed the action to the federal District Court and thereafter moved to dismiss it or to quash the return of service of process upon the grounds that petitioner was not present in Missouri at the time the action was brought and was not amenable to suit or to the service of process in Missouri, that the return of service of process was false and the service illegal, and that neither the Circuit Court of the City of St. Louis nor the federal District Court acquired jurisdiction of the action or of petitioner.

The motion of the petitioner to dismiss the action or to quash the return of service was submitted to Judge Moore. After hearings and due consideration of the evidence and the arguments and briefs of the parties, he concluded that the District Court was not without jurisdiction, and denied the motion of the petitioner.

The petitioner contends that the writs prayed for should be issued by this Court to correct alleged excesses of jurisdiction exercised by the respondent; that lack of jurisdiction was clearly established; that the case is rare and exceptional; that the petitioner will be subjected to unnecessary inconvenience, hardship and expense if its challenge to the jurisdiction of the District Court is not now sustained; and that the petitioner's remedy by an appeal from a final judgment in the action will be inadequate, especially because the petitioner will be subject to garnishment and execution upon a judgment.

■ By virtue of Section 1291, Title 28 U.S.C.A., this Court has jurisdiction of appeals from "final decisions of the district courts" of the circuit. Under Section 1292, Title 28 U.S.C.A., this Court also has jurisdiction of appeals from certain interlocutory orders, which do not include an order such as that which is challenged by the petitioner. Such an order is not appealable, but may be reviewed upon an appeal from a final judgment. Section 1651, Title 28 U.S.C.A., provides: "The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."

■ Since this Court has potential appellate jurisdiction of all cases pending in the District Courts of the Circuit, it may, in the exercise of a sound judicial discretion, issue writs of mandamus or of prohibition in aid of that jurisdiction and to prevent it from being impaired or defeated by unauthorized action of a District Court. Henderson Tire and Rubber Co. v. Reeves, 8 Cir., 14 F.2d 903, 905; McClellan v. Carland, 217 U.S. 268, 280, 30 S.Ct. 501, 54 L.Ed. 762; Roche v. Evaporated Milk Association, 319 U.S. 21, 25, 63 S.Ct. 938, 87 L.Ed. 1185.

■ Congress has, however, provided the conditions of appellate review of decisions of the District Courts, and this Court cannot properly issue a writ the only effect of which would be to evade those conditions and "thwart the Congressional policy

against piecemeal appeals \* \* \*." Roche v. Evaporated Milk Association, supra, pages 30-31 of 319 U.S.., at page 944, of 63 S.Ct.; United States Alkali Export Ass'n, Inc. v. United States, 325 U.S. 196, 203, 65 S.Ct. 1120, 89 L.Ed. 1554.

The inconvenience to which the petitioner may be subjected in having to undergo a trial in advance of securing a determination by this Court of the question of jurisdiction furnishes no justification for the issuance of the writs which the petitioner seeks. Roche v. Evaporated Milk Association, supra, pages 30-31 of 319 U.S., at pages 943, 944, of 63 S.Ct.; United States Alkali Export Ass'n, Inc. v. United States, supra, pages 202-203 of 325 U.S. at pages 1124-1125 of 65 S.Ct. "Mandamus, prohibition and injunction against judges are drastic and extraordinary remedies. \* \* \* As extraordinary remedies, they are reserved for really extraordinary causes." Ex Parte Fahey, 332 U.S. 258, 259, 260, 67 S.Ct. 1558, 1559, 91 L.Ed. 2041; Ex Parte Collett, 337 U.S. 55, 72, 69 S.Ct. 944, 959, 93 L.Ed. 1207.

The order of which the petitioner complains, even if erroneous, involved no abuse of judicial power and is reviewable only upon an appeal from a final judgment. Roche v. Evaporated Milk Association, supra, page 27 of 319 U.S., at page 942 of 63 S.Ct., Section 1651, Title 28 U.S.C.A., "can, of course, not be availed of to correct a mere error in the exercise of conceded judicial power." De Beers Consolidated Mines, Ltd. v. United States, 325 U.S. 212, 217, 65 S.Ct. 1130, 1133, 89 L.Ed. 1566. See, also, United States v. Byers, 2 Cir., 144 F.2d 455; Sound Investment & Realty Co. v. Harper, 8 Cir., 178 F.2d 274, 276, 277; Larsen v. Nordbye, 8 Cir., 181 F.2d 765, 766. The petitioner submitted its motion to Judge Moore for a ruling. He ruled upon it, as he was legally obliged to do. We are now asked to review and reverse his ruling and order and to direct him to dismiss the action or to quash the return of service of process.

Our conclusion is that the relief prayed for by the petitioner cannot be granted for the following reasons: (1) the order of Judge Moore, whether right or wrong, was one which he had authority to make; (2) the order does·not impair the jurisdiction of this Court, and the issuance of an extraordinary writ would not be in aid of such jurisdiction; (3) a review of the order in prohibition or mandamus proceedings would be a clear evasion of the conditions imposed by Congress upon appellate review and its policy against piecemeal appeals; (4) the case presented is not an extraordinary one calling for an extraordinary remedy; and (5) the remedy of the petitioner by way of appeal from a final judgment is adequate.

The petition is denied.