**CARR et al. v. DONOHOE, United States District Judge.**

No. 14745.

United States Court of Appeals
Eighth Circuit.

Feb. 3, 1953.

---

Paul F. Good, Omaha, Neb. (Monsky, Grodinsky, Good & Cohen, Omaha, Neb., on the brief), for petitioners.

William J. Hotz and Robert M. Kane, Omaha, Neb. (William J. Hotz, Jr., Omaha, Neb., on the brief), for respondent.

Before SANBORN, WOODROUGH and THOMAS, Circuit Judges.

SANBORN, Circuit Judge.

The petitioners, who are the plaintiffs in an action brought against China R. Clarke in the United States District Court for the District of Nebraska, Omaha Division, have applied to this Court for a writ of prohibition or mandamus to prevent the Honorable James A. Donohoe, Chief Judge of the District Court, from transferring, under § 1404(a) of Title 28 U.S.C.A., the action to the United States District Court for the District of Minnesota, Third Division, at St. Paul, Minnesota. Section 1404(a) provides:

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

The petitioners assert that the action is not transferable under § 1404(a), mainly because the defendant, Clarke, at the time the action was brought, was not amenable to process in Minnesota, but only in Nebraska, and therefore the action was not one which "might have been brought" in the District of Minnesota within the meaning of the section.

The petitioners' action seeks to recover $10,000 and interest alleged to be the balance due upon a promissory note for $12,500 delivered by Clarke to the late Otto Bremer of St. Paul, Minnesota, on October 13, 1948, and payable three years after date. Jurisdiction was based on diversity of citizenship, the petitioners being citizens and residents of Ramsey County, Minnesota, and Clarke being a citizen and resident of Nebraska. Clarke in his answer denied liability upon the note, and counterclaimed against the petitioners for $68,000 upon the ground that they were liable to him for damages in that amount for having, in October 1949, wrongfully induced him to resign his position as President of The American National Bank of Saint Paul, Minnesota. The petitioners, after having unsuccessfully moved for a dismissal of the counterclaim, asserted in their answer to it that it was one upon which no relief could be granted, and that they were not liable to Clarke under the facts alleged.

Clarke thereafter moved the District Court for a transfer of the case to the District of Minnesota, Third Division, upon the grounds: (1) that none of the plaintiffs (petitioners) is a resident of Nebraska; (2) that the defendant, Clarke, is now a resident of Denver, Colorado, and consents to the transfer of the case to St. Paul, Minnesota; and (3) that all of the witnesses he intends to call in support of his counterclaim and his defense to the action on the note are residents of St. Paul, Minnesota, and all of the pertinent documentary proof is located there.

The petitioners resisted Clarke's motion to transfer the case. The District Court concluded that the motion should be granted. The petitioners thereupon applied to this Court for a writ to prevent the trans-

fer of the case to the District of Minnesota.

The question with which we are concerned is whether, by virtue of § 1651(a), Title 28 U.S.C.A.,—which provides that "The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law",—this Court is authorized to review the legality of the proposed transfer, under § 1404(a), of the petitioners' case from the District of Nebraska to the District of Minnesota, both districts being within the Eighth Circuit. In other words, in a proceeding such as this, is this Court required or authorized to review nonappealable orders granting or denying motions to transfer cases from one district to another district within this Circuit?

The petitioners argue that the proposed order of transfer is reviewable in mandamus or prohibition proceedings, citing the following cases in which the question of transferability under § 1404(a) was ruled upon: Foster-Milburn Co. v. Knight, 2 Cir., 181 F.2d 949; Ford Motor Co. v. Ryan, 2 Cir., 182 F.2d 329; Atlantic Coast Line R. Co. v. Davis, 5 Cir., 185 F.2d 766; Shapiro v. Bonanza Hotel Co., Inc., 9 Cir., 185 F.2d 777; Nicol v. Koscinski, 6 Cir., 188 F.2d 537; Wiren v. Laws, 90 U.S.App.D.C. 105, 194 F.2d 873. We note that in only one of the cases cited was the transferability of a case from one district to another in the same Circuit involved, namely Shapiro v. Bonanza Hotel Co., Inc., 9 Cir., 185 F.2d 777.

■ This Court has consistently held that § 1651(a) of Title 28 U.S.C.A. may not be availed of as a means for invoking the review of nonappealable interlocutory orders which do not impair the actual or potential jurisdiction of this Court. In Hydraulic Press Mfg. Co. v. Moore, 8 Cir., 185 F.2d 800, 802–803, this Court said:

"Since this Court has potential appellate jurisdiction of all cases pending in the District Courts of the Circuit, it may, in the exercise of a sound judicial discretion, issue writs of mandamus or of prohibition in aid of that jurisdiction and to prevent it from being impaired or defeated by unauthorized action of a District Court. Henderson Tire & Rubber Co. v. Reeves, 8 Cir., 14 F.2d 903, 905; McClellan v. Carland, 217 U.S. 268, 280, 30 S.Ct. 501, 54 L.Ed. 762; Roche v. Evaporated Milk Association, 319 U.S. 21, 25, 63 S.Ct. 938, 87 L.Ed. 1185.

"Congress has, however, provided the conditions of appellate review of decisions of the District Courts, and this Court cannot properly issue a writ the only effect of which would be to evade those conditions and 'thwart the Congressional policy against piecemeal appeals * * *.' Roche v. Evaporated Milk Association, supra, pages 30–31 of 319 U.S., at page 944, of 63 S.Ct.; United States Alkali Export Ass'n, Inc. v. United States, 325 U.S. 196, 203, 65 S.Ct. 1120, 89 L.Ed. 1554.

"The inconvenience to which the petitioner may be subjected in having to undergo a trial in advance of securing a determination by this Court of the question of jurisdiction furnishes no justification for the issuance of the writs which the petitioner seeks. Roche v. Evaporated Milk Association, supra, pages 30–31 of 319 U.S., at pages 943, 944, of 63 S.Ct.; United States Alkali Export Ass'n, Inc. v. United States, supra, pages 202–203 of 325 U.S., at pages 1124–1125 of 65 S.Ct. 'Mandamus, prohibition and injunction against judges are drastic and extraordinary remedies. * * * As extraordinary remedies, they are reserved for really extraordinary causes.' Ex parte Fahey, 332 U.S. 258, 259, 260, 67 S.Ct. 1558, 1559, 91 L.Ed. 2041; Ex parte Collett, 337 U.S. 55, 72, 69 S.Ct. 944, 959, 93 L.Ed. 1207."

See also: Sound Investment & Realty Co. v. Harper, 8 Cir., 178 F.2d 274; Larsen v. Nordbye, 8 Cir., 181 F.2d 765; Larsen v. Switzer, 8 Cir., 183 F.2d 850; Leimer v. Reeves, 8 Cir., 184 F.2d 441; Petsel v. Riley, 8 Cir., 192 F.2d 954.

■ It seems obvious that the transfer of the petitioners' action against Clarke to the District of Minnesota cannot in any

way impair or defeat the jurisdiction of this Court to review any appealable order or judgment which eventually may be entered in the case. The situation presented is not an extraordinary one, and calls for no extraordinary remedy. It is, to our minds, an ordinary controversy between litigants with respect to a question of venue which, before the ultimate determination of the case, will probably cease to be of any substantial consequence. We think that this Court, at this stage of the litigation, may not be called upon to rule upon the propriety or legality of the proposed transfer.

The petition for a writ is denied.