**GREAT NORTHERN RAILWAY COMPANY, a corporation, Relator-Petitioner,**

v.

**Edward T. HYDE, Plaintiff-Respondent,**

**Honorable Robert C. Bell, Judge of the United States District Court, District of Minnesota, and The Other Judges and Officers of the United States District Court, District of Minnesota, Respondents.**

No. 15630.

United States Court of Appeals
Eighth Circuit.

Dec. 18, 1956.

Rehearing Granted March 7, 1957.

Don E. Engle, St. Paul, Minn. (Edwin C. Matthias and Anthony Kane, St. Paul, Minn., were with him on the brief), for relator-petitioner.

Harry H. Peterson, Minneapolis, Minn. (Eugene A. Rerat, Minneapolis, Minn., was with him on the brief), for plaintiff-respondent and respondents.

Before SANBORN, WOODROUGH and WHITTAKER, Circuit Judges.

SANBORN, Circuit Judge.

The vital question for decision in this case is whether § 1651(a) of 28 U.S.C.A.[1]

furnishes a means for reviewing an order of the District Court, not otherwise reviewable, transferring, under § 1404(a) of 28 U.S.C.,[2] from the District of Minnesota to the Northern District of California a personal injury case arising out of an accident which occurred in the city of Seattle, Washington. We are asked to prohibit Judge Bell, acting for the United States District Court for the District of Minnesota, from effectuating his order transferring the case to the Northern District of California, and to command him to transfer it to the Western District of Washington for trial at Seattle.

The following are the facts upon which the application of the Great Northern Railway Company for a writ of prohibition and mandamus are based:

Edward T. Hyde, while working as a switch foreman for the Great Northern Railway Company in its yard at Seattle, on November 5, 1955, was seriously injured. He employed a Minneapolis attorney and brought an action on February 23, 1956, against the Railway Company, under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., in the United States District Court for the District of Minnesota, Third Division, to recover damages for his injuries. His claim was that the accident resulted from the negligence of the defendant and a violation by it of the Federal Safety Appliance Act.

The defendant on March 16, 1956, filed its answer, denying liability, and gave notice of a motion to transfer the case, under § 1404(a), to the Western District of Washington, for trial at Seattle. The motion was based upon affidavits showing that, for the convenience of material witnesses and the saving of unnecessary expense to the defendant, Seattle, where the accident occurred, where the plaintiff

---

1. "§ 1651. *Writs.*

"(a) The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."

2. "§ 1404. *Change of venue*

"(a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

resided at the time of the accident, and where he received medical and hospital care and treatment from the time of his injury to January 30, 1956, was the most convenient and appropriate place for the trial of the case.

In opposition to the defendant's motion, counsel for the plaintiff lodged with the court an affidavit stating that the defendant had its home office in Minnesota, where it was incorporated; that the burden of producing medical evidence was on the plaintiff; and that such evidence was as readily available in Minnesota as elsewhere. An affidavit of the plaintiff's wife, also lodged with the court, stated that from November 6, 1955, to January 30, 1956, the plaintiff was in a hospital at Seattle under the care of a Great Northern Railway Company physician; that, upon the physician's recommendation, the plaintiff was transferred to the Veterans' Hospital at Long Beach, California, for treatment, and has been there since February 1, 1956; that she and the plaintiff had decided to make California their home; that, because of his injuries, it is very difficult for the plaintiff to travel; that it would be better if the trial of this case could be had in the city of Los Angeles, California; that she and the plaintiff "would prefer that the case be tried in St. Paul, Minnesota, for the reason that when her said husband is discharged from the Veterans' Hospital in Long Beach, it is her intention to bring him to the State of Minnesota for medical examinations and further treatment, and" she "feels that if the case cannot be tried in the City of St. Paul, State of Minnesota, that it would be more convenient for her said husband if the case could be transferred to the State of California," for trial at Los Angeles.

On May 28, 1956, a hearing was had before Judge Bell on the motion of the defendant for a transfer of the case to the Western District of Washington and the opposition of the plaintiff and his request or suggestion that if the court determined that the case should not be tried in the District of Minnesota, the transfer be to the Southern District of California, Central Division.

Judge Bell on June 20, 1956, denied the motion of the defendant to transfer the case to the Western District of Washington, and, instead, transferred it to the Southern District of California, for trial at Los Angeles.

The defendant on June 26, 1956, moved Judge Bell for an order staying the effect of his transfer order of June 20, 1956, upon the ground, among others, that there had been no showing that the action could have been brought in the Southern District of California. The motion for a stay was granted. On July 3, 1956, the United States District Court for the Southern District of California, on motion of the defendant, returned the case to the District of Minnesota.

On July 17, 1956, Judge Bell granted a motion of the defendant for a rehearing of its motion for a transfer of the case to the Western District of Washington. Thereafter on July 28, 1956, the plaintiff filed a motion opposing the transfer, but asking the court to transfer the case to the Northern District of California, for trial at San Francisco, if the court should decide that the District of Minnesota was not the proper venue.

The rehearing of the defendant's motion to transfer the case to the Western District of Washington, for trial at Seattle, and the hearing of the motion of the plaintiff that, if transferred at all, the case be transferred to the Northern District of California, for trial at San Francisco, came on before Judge Bell on July 31, 1956. On August 2, 1956, he filed an order denying the defendant's motion and transferring the case to the Northern District of California.

The General Offices of the defendant are in St. Paul, Minnesota, where the case would have been for trial had it not been transferred. St. Paul adjoins Minneapolis, where the attorney for the plaintiff resides and has his office, but is otherwise unrelated in any way to the plaintiff's action or the claim upon which it is based.

The city of San Francisco, where it is conceded the plaintiff's action could have been brought, is nearer the Veterans' Hospital at Long Beach than is Seattle or St. Paul. St. Paul, however, is farther from Long Beach than is Seattle. Aside from the proximity of San Francisco to Long Beach, where the plaintiff and his wife have resided since he entered the Veterans' Hospital, San Francisco has no connection with his action.

Judge Bell, in his return to the defendant's application for a writ of prohibition and mandamus, states that, in transferring the case to the Northern District of California, the court properly exercised the judicial power and discretion vested in it by § 1404(a), and that the order of transfer was in accordance with that section "in that it was for the convenience of the parties and witnesses, in the interest of justice."

■ While we do not question the sincerity of the belief of Judge Bell that the transfer of the plaintiff's case for trial at San Francisco was made in the exercise of a sound judicial discretion and in conformity with the letter and spirit of § 1404(a), we believe that there was no adequate factual or legal basis for the transfer. If the order transferring the case were subject to review for an erroneous exercise of discretion, we would not hesitate to reverse the order and direct the District Court to transfer the case to Seattle, where the plaintiff's claim arose and where most of the persons reside who will be called to give evidence at the trial. We are of the opinion, however, that the transfer order is not subject to review by prohibition or mandamus, despite the fact that it is not an appealable order and that an appeal from a final judgment in the case will be an inadequate remedy for the erroneous transfer.

This Court held in Carr v. Donohoe, 201 F.2d 426, that § 1651(a) of 28 U.S.C. did not furnish a means for reviewing an order transferring an action from one District to another District within this Circuit. We think there is no controlling distinction between the Carr case and the instant case so far as the question of reviewability, under § 1651(a), of transfer orders is concerned. In the Carr case we pointed to the intracircuit transfer merely to show that there was no possibility of the appellate jurisdiction of this Court being affected in any way by such a transfer.

In the case of In re Josephson, 1 Cir., 218 F.2d 174, the United States Court of Appeals for the First Circuit, in dealing with the question of reviewability of a transfer order, said in an opinion by Chief Judge Magruder, at page 181 of 218 F.2d:

"* * * But assuming that if the transfer order is ever to be reviewed it must be now, we do not forget that appellate review is not of the essence of due process. See McKane v. Durston, 1894, 153 U.S. 684, 687, 14 S.Ct. 913, 38 L.Ed. 867. Particularly, there may be strong reasons of policy why litigation should not be delayed by appellate review of an administrative order of the sort here involved. It is not unlike an order by a federal district court remanding a case to the state court from which it had been removed. Here Congress has specifically provided that such an order 'is not reviewable on appeal or otherwise.' 28 U.S.C. § 1447(d), as amended. In certain situations, the fact that a prejudicial order unless presently reviewable can never be corrected on appeal may be a consideration bearing on whether the order is to be deemed a 'final decision' from which an appeal may be taken under 28 U.S.C. § 1291. See Cobbledick v. United States, 1940, 309 U.S. 323, 328–330, 60 S.Ct. 540, 84 L.Ed. 783. But we do not have such a situation here, since it is conceded that the transfer order now in question is an unappealable interlocutory order."

The position taken by the First Circuit in that case is stated on page 183 of 218 F.2d, as follows:

"Accordingly, we serve notice that in the future, except in really extraordinary situations the nature of which we shall not undertake to formulate in advance, we shall stop such mandamus proceedings at the very threshold, by denying leave to file the petition for a writ of mandamus."

Substantially the same position had been taken by the Third Circuit in All States Freight, Inc., v. Modarelli, 196 F.2d 1010, 1012. Judge Goodrich, who wrote the opinion in that case, after stating the truism that "Every litigant against whom the transfer issue is decided naturally thinks the judge was wrong," said:

"We do not propose to grant such review where the judge in the district court has considered the interests stipulated in the statute and decided thereon. * * * "

He concluded the opinion as follows:

"We realize that the view we express is not the one which some of our judicial brethren are following with regard to this statute. But we cannot escape the conclusion that it will be highly unfortunate if the result of an attempted procedural improvement is to subject parties to two lawsuits: first, prolonged litigation to determine the place where a case is to be tried; and, second, the merits of the alleged cause of action itself."

The Fourth Circuit, in a recent opinion by Chief Judge Parker in the case of Clayton v. Warlick, 232 F.2d 699, has held that, while mandamus or prohibition will lie to compel a District Judge to exercise the discretion conferred upon him by § 1404(a) or to prevent him from transferring a case to a District to which, as a matter of law, it is not transferable, § 1651(a) does not afford a means for the review of an order such as that here involved. The court said at page 706 of 232 F.2d:

"The correct rule to be applied, we think, is the same as that applied in the case of other interlocutory orders, i. e., where the judge has exercised a power conferred upon him by law, mandamus may not be availed of to review the exercise of the power in the face of the restriction placed by Congress on the review of interlocutory orders. The distinction which we think applicable was that drawn by the Supreme Court in De Beers Consolidated Mines, Ltd. v. United States, 325 U.S. 212, 217, 65 S.Ct. 1130, 1133, 89 L.Ed. 1566, where the court said:

" 'When Congress withholds interlocutory reviews, § 262 [now 28 U.S.C. § 1651] can, of course, not be availed of to correct a mere error in the exercise of conceded judicial power. But when a court has no judicial power to do what it purports to do—when its action is not mere error but usurpation of power—the situation falls precisely within the allowable use of § 262.'

"See also the concurring opinion of Judge Swan in Ford Motor Co. v. Ryan, 2 Cir., 182 F.2d 329, 332, and the decision of the Court of Appeals of the Second Circuit in Ward Baking Co. v. Holtzoff, 2 Cir., 164 F.2d 34, 36 where the court said:

" 'Section 262 of the Judicial Code, 28 U.S.C.A. § 377, [now 28 U.S.C. § 1651] cannot be availed of to correct a mere error in the exercise of conceded judicial power, but may be used to prevent usurpation of power, if "the lower court is clearly without jurisdiction." ' "

We find ourselves in complete accord with the opinion in Clayton v. Warlick, supra. As Chief Judge Parker says in that opinion, the expressions of the various circuits with respect to the reviewability of orders of transfer under § 1404(a), through the use of § 1651(a), are in hopeless conflict.

This Court has, perhaps, been more conservative than other courts of appeals in resisting the use of § 1651(a) as a device for reviewing nonappealable interlocutory orders. In an opinion written for this Court by Judge Walter H. San-

born in 1927, in Hosey v. Kennamer, 8 Cir., 21 F.2d 64, 65, he said:

"* * * When a question has been decided by the officer or person to whose judgment or discretion the law has intrusted its determination, the writ of mandamus may not issue to review or reverse that decision or to compel another. It may issue to command judicial officers to hear and to decide a question within their jurisdiction, but courts have no power by writ of mandamus to direct such officers how they shall decide such a question, or in whose favor they shall render their judgment, because such action would result in the substitution of the judgment and opinion of the commanding court for that of the judicial officer or officers to whose judgment and discretion the law intrusted the decision of the issue. For the same reason it cannot be invoked to compel a court or a judicial officer to reverse a decision already rendered, to correct an erroneous conclusion, or to render another decision. Kimberlin v. Commission to Five Civilized Tribes, 8 Cir., 104 F. 653, 655; Henderson Tire & Rubber Co. v. Reeves & Otis, Judges, 8 Cir., 14 F.2d 903, 906; Minnesota Moline Plow Co. v. Dowagiac Mfg. Co., 8 Cir., 126 F. 746, 748; Brictson Mfg. Co. v. Munger, Judge, 8 Cir., 20 F.2d 793."

See, also: Sound Investment & Realty Co. v. Harper, 8 Cir., 178 F.2d 274; Larsen v. Nordbye, 8 Cir., 181 F.2d 765; Larsen v. Switzer, 8 Cir., 183 F.2d 850; Leimer v. Reeves, 8 Cir., 184 F.2d 441; Hydraulic Press Mfg. Co. v. Moore, 8 Cir., 185 F.2d 800, 802–803; Petsel v. Riley, 8 Cir., 192 F.2d 954.

This Court has used its power to issue writs of mandamus or prohibition to compel a District Judge to exercise a jurisdiction which the law has made it his duty to exercise, Barber Asphalt Paving Co. v. Morris, 8 Cir., 132 F. 945, 956, or to prevent a judge from exercising a power that he clearly does not have. We have studiously refrained from using mandamus to tell a judge what decision he must make in the exercise of a jurisdiction and discretion intrusted to him by law.

The Supreme Court has said:

"Mandamus, prohibition and injunction against judges are drastic and extraordinary remedies. * * As extraordinary remedies, they are reserved for really extraordinary causes."

Ex parte Fahey, 332 U.S. 258, 259–260, 67 S.Ct. 1558, 91 L.Ed. 2041; Ex parte Collett, 337 U.S. 55, 72, 69 S.Ct. 944, 953, 93 L.Ed. 1207. We do not regard controversies between litigants, and between their counsel, as to where a case can most conveniently, fairly, efficiently and economically be tried as "really extraordinary."

It is unfortuniate that the question of the reviewability of a transfer order under § 1651(a) has not as yet been put at rest. The Supreme Court, in Norwood v. Kirkpatrick, 349 U.S. 29, 33, 75 S.Ct. 544, 99 L.Ed. 789, found it unnecessary to determine whether mandamus or prohibition was a proper remedy to test the validity of a transfer order. The instant case squarely presents that question and it would seem to be an appropriate case in which to apply for certiorari.

So far as this Court is concerned, we shall hereafter grant leave to apply for mandamus or prohibition to review transfer orders if and when an Act of Congress or a decision of the Supreme Court requires us to do so. We think that, in the interest of an expeditious, efficient and orderly administration of justice, controversies about venue should be finally settled and determined at the District Court level.

The application of the defendant for a writ prohibiting the transfer of the plaintiff's case to the Northern District of California and directing its transfer to the Western District of Washington, is denied upon the sole ground that the transfer order complained of by the defendant is not reviewable here by prohibition, mandamus or otherwise.

Application denied.