GREAT NORTHERN RAILWAY COM-
PANY, a corporation, Relator-
Petitioner,

v.

Edward T. HYDE, Plaintiff-Respondent,

Honorable Robert C. Bell, Judge of the
United States District Court, District
of Minnesota, and the Other Judges
and Officers of the United States Dis-
trict Court, District of Minnesota, Re-
spondents.

No. 15630.

United States Court of Appeals
Eighth Circuit.

June 27, 1957.

D. E. Engle, St. Paul, Minn. (Edwin
C. Matthias and Anthony Kane, St. Paul,
Minn., on the brief), for relator-petition-
er.

Harry H. Peterson, Minneapolis, Minn.
(Eugene A. Rerat, Minneapolis, Minn.,
on the brief), for plaintiff-respondent
and respondents.

Before SANBORN, WOODROUGH
and JOHNSEN, Circuit Judges.

SANBORN, Circuit Judge.

Upon the original submission of this
application for a writ of prohibition and
mandamus, this Court ruled that an order
of Judge Bell transferring, under 28
U.S.C. § 1404(a), the case of Edward T.
Hyde v. Great Northern Railway Com-
pany from the District of Minnesota,
where it was brought, to the Northern
District of California (where it could
have been brought) for trial, was not re-
viewable under 28 U.S.C. § 1651(a), for
an erroneous exercise of discretion. We
declined to prohibit the Judge from
carrying into effect the transfer order,
and refused to command him to trans-
fer the case to the Western District of
Washington.  8 Cir., 238 F.2d 852.

Shortly after our opinion was filed, the
Supreme Court decided La Buy v. Howes
Leather Co., Inc., 352 U.S. 249, 77 S.Ct.
309, 1 L.Ed.2d 290.  It held in that case
that the United States Court of Appeals
for the Seventh Circuit had discretion-
ary and supervisory power under the
All Writs Act, 28 U.S.C. § 1651(a), to
require Judge La Buy to vacate orders
made under Rule 53(b) of the Federal
Rules of Civil Procedure, 28 U.S.C.A., re-
ferring two antitrust cases to a master
for trial.

The petitioner in the instant case sought a rehearing upon the ground that the La Buy decision had, in effect, impliedly and inferentially demonstrated that this Court had erred in holding that the transfer order of Judge Bell was not reviewable under § 1651(a). We granted a rehearing, and the case has been reargued.

There is much force in the petitioner's contention that, since the Court of Appeals for the Seventh Circuit had discretionary power to compel Judge La Buy to vacate his orders of reference, for abusing his discretion, this Court necessarily has discretionary power to compel, and should compel, Judge Bell to vacate his order transferring the instant case to the Northern District of California, and to command him to transfer the case to the Western District of Washington.

■ Just how far the discretionary and supervisory power of a Court of Appeals, under § 1651(a), to deal with transfer orders made under § 1404(a) extends has not as yet been determined. We do not question our power to command the vacation of an order transferring a case to a district to which, as a matter of law, the case was not transferrable. Here we have an erroneous exercise of judicial discretion because the factual situation did not warrant the transfer of the case to the Northern District of California under § 1404(a).

The La Buy case, as the Supreme Court took pains to point out, presented an extreme situation of a District Judge abusing judicial power which "amounted to little less than an abdication of the judicial function depriving the parties of a trial before the court on the basic issues involved in the litigation." 352 U.S. at page 256, 77 S.Ct. at page 313.

Here the District Judge has transferred a case for trial to a district in which it could have been brought, but to which, in our opinion, it could not properly have been transferred in view of the surrounding circumstances.

It may be that we are unduly reluctant to undertake the review of discretionary orders of transfer under § 1404(a), in-volving, as they usually do, controversial fact questions as to where cases can most conveniently and appropriately be tried. If so, we shall hope to be corrected.

■ Notwithstanding the La Buy decision, we feel justified in adhering to our former views that our power to issue writs under § 1651(a) does not warrant us to command Judge Bell to vacate his order of transfer and to enter an order transferring the case to the Western District of Washington.

Application denied.

JOHNSEN, Circuit Judge (dissenting).

The original opinion in this case, 8 Cir., 238 F.2d 852, held that, under the All Writs Act, 28 U.S.C.A. § 1651(a), a Court of Appeals has power or authority to issue a writ of mandamus or prohibition against a District Judge, only "to compel a District Judge to exercise a jurisdiction which the law has made it his duty to exercise, * * * or to prevent a judge from exercising a power that he clearly does not have". At page 857.

As indicated by the opinion, the panel of judges which rendered the decision was of the view that, if the act involved was a matter which the District Judge legally had power to do or to refuse to do, his action was in no way subject to being touched by a supervisory or auxiliary writ on the part of the Court of Appeals, even though the doing or refusing might otherwise amount to arbitrariness or abuse of discretion on the factual elements of the particular situation.

Hence, the panel refused, because of believed lack of power, to touch an order of the District Judge, made under 28 U.S.C.A. § 1404(a), denying a motion of the defendant for transfer of the case from St. Paul, Minnesota, to Seattle, Washington, and granting instead an alternative motion of the plaintiff "that in the event that the Court determines that the United States District Court, said District of Minnesota, Third Division, sitting at St. Paul, Minnesota, is not a proper venue for the trial of said cause,

and only in that event, that the Court make its Order transferring said cause to the United States District Court for the Northern District of California, Southern Division, sitting at San Francisco, California".

The original opinion stated that "we believe that there was no adequate factual or legal basis for the transfer" made to San Francisco, and declared that, "If the order transferring the case were subject to review for an erroneous exercise of discretion, we would not hesitate to reverse the order and direct the District Court to transfer the case to Seattle, where the plaintiff's claim arose and where most of the persons reside who will be called to give evidence at the trial".

But, added the Court, "We are of the opinion, however, that the transfer order is not subject to review by prohibition or mandamus, despite the fact that it is not an appealable order and that an appeal from a final judgment in the case will be an inadequate remedy for the erroneous transfer". At page 855. And in summary it said that "We think that, in the interest of an expeditious, efficient and orderly administration of justice, controversies about venue should be finally settled and determined at the District Court level". At page 857.

On this rehearing of the case, granted after the decision of the Supreme Court in La Buy v. Howes Leather Co., Inc., 352 U.S. 249, 77 S.Ct. 309, (and in which hearing I have been assigned to take the place of a member of the original panel), the majority of the Court have adhered to the views expressed in the previous opinion, saying: "We do not question our power to command the vacation of an order transferring a case to a district to which, as a matter of law, the case was not transferrable. Here we have an erroneous exercise of judicial discretion because the factual situation did not warrant the transfer of the case to the Northern District of California under § 1404(a). * * * Here the District Judge has transferred a case for trial to a district in which it could have been brought, but to which, in our opin-

ion, it could not properly have been transferred in view of the surrounding circumstances. * * * Notwithstanding the La Buy decision, we feel justified in adhering to our former views that our power to issue writs under § 1651(a) does not warrant us to command Judge Bell to vacate his order of transfer and to enter an order transferring the case to the Western District of Washington."

This, in its effect, is a holding that a Court of Appeals is utterly without power, under the All Writs Act, to touch any order of a District Court, under § 1404 (a), in the field of transfer, whether the order made is one in grant or in denial of a requested venue change, and whether it involves a transfer outside (as here) or within (see Carr v. Donohoe, 8 Cir., 201 F.2d 426) the circuit, save only that the Court may "command the vacation of an order transferring a case to a district to which, as a matter of law, the case was not transferrable".

I believe—certainly as to a transfer made outside the circuit at least, which is the situation here—that this holding of lack of power is in conflict with both the majority opinion and the minority opinion in the La Buy case.

As to our power to consider and correct the clear abuse of discretion, in which all of us on the panel agree that the trial court here engaged in sending the case to San Francisco on the circumstances involved, I do not believe that any possible question can be viewed as existing under the majority opinion of the Supreme Court. And even under the narrower concept of power, than that recognized by the majority, which the minority felt that § 1651(a) should be regarded as allowing a Court of Appeals to exercise, the latter group said: "The focal question posed for a Court of Appeals by a petition for the issuance of a writ is whether the action of the District Court tends to frustrate or impede the ultimate exercise by the Court of Appeals of its appellate jurisdiction granted in some other provision of the law. The answer is clearly in the affirmative where, for example, the order of the District Court

transfers a cause to a District Court of another circuit for decision". 352 U.S. at page 264, 77 S.Ct. at pages 317 and 318.

Thus, under both the majority and the minority concepts in the La Buy case, it seems to me that we manifestly have the power, and corollarily owe the duty, of nullifying by prohibition the transfer order which the District Court made, since, as the original opinion states, "there was no adequate factual or legal basis for the transfer", and, as the rehearing opinion reiterates, "the factual situation did not warrant the transfer of the case to the Northern District of California", and San Francisco was a place "to which, in our opinion, it could not properly have been transferred in view of the surrounding circumstances".

Whether we have the power to go further and to require the District Court by mandamus to transfer the case to Seattle (where we all agree that on the circumstances shown the case ought in the interest of justice to have its trial) is a question that extends a degree beyond that involved in the matter of prohibiting a transfer to San Francisco. The minority opinion in the La Buy case probably must be read as not recognizing such a power. I interpret the expressions in the majority opinion, however, as impliedly recognizing power in a Court of Appeals to compel a District Judge to make a transfer out of the circuit, where on the circumstances his refusal to do so amounts legally to judicial arbitrariness or—in milder phrase—constitutes "a clear abuse of discretion".

Before discussing this aspect of the statute, I would add that, without regard to it, it is possible in any event, on a prohibiting of the transfer made to San Francisco, to leave the path open to the District Judge, by so expressly indicating, to reconsider the motion of the defendant for transfer of the case to Seattle. The Court's order of transfer to San Francisco was made under the condition of plaintiff's alternative motion that such action should be taken only "in the event that the Court determines that St. Paul, Minnesota, is not a proper venue for the trial". In granting the alternative motion, the Court thus must have been of the view that the case ought not to be retained in St. Paul for trial (as we here all agree that it should not). Prohibition of the transfer made to San Francisco (for which at the minimum we have power and responsibility under the statute, in my reading of both the majority and the minority opinions in the La Buy case) would of itself in all likelihood result in the District Judge making transfer of the case to Seattle, if our opinion left no doubt as to our intent not to preclude him from reconsidering the defendant's motion.

But I do not think that we are required to stop here. As I have indicated, I am of the conviction that under the statute and the majority opinion in the La Buy case our power and our duty extend beyond this minimal concept. I believe that we have the power, not merely to prohibit the District Judge from transferring the case to San Francisco, but as well to direct him to make transfer of it to Seattle for trial.

As the majority opinion in the La Buy case points out, 352 U.S. at pages 257 and 258, 77 S.Ct. at page 314, the general test recognized and applied in the Court's previous decisions, for the existence and use of the power granted by the All Writs Act, is whether the thing sought to be commanded or prohibited constitutes as a matter of law "usurpation of judicial power" or "clear abuse of discretion", on the part of the District Judge. Both are equal foundations under the Act for the existence of the power. And inherent in the exercise of the power under either is, in some measure at least, an element of supervisory responsibility on the part of the Courts of Appeals as to the District Courts, which cannot be escaped in the proper functioning of our federal judicial system. As the majority opinion said, 352 U.S. at pages 259 and 260, 77 S.Ct. at page 315, "We believe that supervisory control of the District Courts by the Courts of Appeals is necessary to

proper judicial administration in the federal system".

I can see nothing in the All Writs Act that militates against a reading and application of it in relation to this concept. It should be noted that the language of the Act, that "The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law", is collective and not individualistic in its court specification. The statute does not say that each Court of Appeals (and each District Court) may issue writs only to preserve, foster or facilitate its own individual jurisdiction, but generally and collectively that writs are entitled to be issued by them in aid of their respective jurisdictions as such courts. In other words, it seems to me that the grant of power to them is as much one in their class or system significance as in their individual functioning.

This fact, I think, has even more apparency under the language of 28 U.S.C., 1940 ed., § 377, preceding the 1948 revision, that "The Supreme Court, the circuit courts of appeals, and the district courts shall have power to issue all writs not specifically provided for by statute, which may be necessary for the exercise of their respective jurisdictions, and agreeable to the usages and principles of law". The Revisor's Note, 28 U.S.C.A. following § 1651, makes clear that the language used in § 1651, under the 1948 revision, was not intended to change the substance of the provision quoted but represented merely a change in phraseology.

It is on the basis of the concept of the statute which I have expressed that I regard us as having the power in the present situation to go beyond merely prohibiting the transfer attempted to San Francisco, and to direct the transfer, which should have been made, to Seattle. As a member of the Courts of Appeals system and in my responsibility for the achievement of justice thereunder, I am as much concerned about whether a case pending in this circuit, to which the jurisdiction of this Court thus projectively or constructively has an existing tie and reach, has unwarrantedly been denied a transfer to another circuit, as about whether the case has improperly been made the subject of such an outside transfer.

Equally in both situations, an injustice is being perpetrated in this circuit—a judicial wrong for which, as the original opinion in the present case admits, 238 F.2d at page 855, "an appeal from a final judgment in the case will be an inadequate remedy". If the injustice attendant upon an unwarranted grant or denial of a transfer is to be prevented in the federal judicial system (and it should be remembered that § 1404(a) does not say that the action of the District Court shall be final), it can only be done through a use of the power vested in the Courts of Appeals, under the All Writs Act, to aid or facilitate generally their jurisdiction or review function. The presence of a case in the judicial channel of a circuit to me sufficiently provides the tie or reach of constructive jurisdiction necessary to give rise to the existence of the power in the Court of Appeals for the circuit. And the correction of the injustice done by an unwarranted grant or denial of a transfer, whose harm cannot ordinarily be otherwise eliminated, is, it seems to me, in its relationship to the achieving of a fair result in the case, a matter that properly can be regarded, under the statute, as being in aid of a Court of Appeals' constructive jurisdiction or the accomplishing of its review function.

I have indicated that I view the statute as meaning, and the majority opinion in the La Buy case as recognizing, that the Courts of Appeals have power under the All Writs Act to command or prohibit any act on the part of a District Judge, which constitutes as a matter of law either "usurpation of judicial power" or "clear abuse of discretion", where such act is one which is capable of affecting the result in the case, and whose harm an appeal from the final judgment is not

**542**

practicably capable of undoing. An unwarranted granting or denial of a transfer will ordinarily fall in that category.

This does not mean, however, that I think there is a right to bother a Court of Appeals in every situation of grant or denial of transfer by the District Court. Usurpation of judicial power, such as an attempt to transfer a case to a district or division where it could not have been brought, or clear abuse of discretion in granting or denying the transfer, amounting to legal arbitrariness, must exist as a basis for the Court of Appeals' exercise of its power under the All Writs Act in such a situation. A Court of Appeals must not assume to use the All Writs Act simply to set its judgment up against that of the District Court. If the facts of the situation reasonably afford a basis for variance in judgment, and if the judgment exercised by the District Court is not without rational ground on the circumstances as a whole, there is no right whatsoever in the Court of Appeals to interfere.

Moreover, it must be borne in mind that, beyond these tests, there also is an element of sound discretion, which a Court of Appeals has the right and duty to exercise in relation to the issuance of any extraordinary writ. For example, a situation might exist in which the District Court had been guilty of a clear abuse of discretion on the facts, but in which the Court of Appeals was not impressed as to the likelihood of any grave or substantial harm being done thereby. The Courts of Appeals should properly lean toward such and other guarded restraint in their exercise of extraordinary writ power. They must not allow themselves to become guilty of needlessly curbing or compelling action on the part of the District Court, or of delaying that Court's work and functions. In other words, their exercise of power under the All Writs Act must be such as to make it clear to the bar that they will not engage in the entertainment of loose applications for intermediate writs, and that such a writ can be hoped to be obtained only in extreme, flagrant and compelled cases, where the interests of justice realistically impress as having been substantially prejudiced.

These cautions have been sought to be impressed in the majority opinion in the La Buy case, and I shall not discuss them further. They are a bit outside what is necessary to my dissent from the holding of the majority in the present situation. That holding is, as I have previously pointed out, that there exists no power in a Court of Appeals under the All Writs Act to touch any order of the District Court relating to transfer, whether in grant or denial thereof, except only that the transfer of a case to a place where the action could not have been brought may properly be prohibited. An arbitrary or unwarranted transfer of a case to another circuit, such as is the situation here, is not under the majority opinion subject to reach by a Court of Appeals under the All Writs Act.

In summary, I think this holding of lack of power to prohibit the unwarranted transfer attempted to San Francisco is legally untenable, and I also believe that we have the power to direct the District Court to make transfer of the case to Seattle, which we all agree ought to be its proper trial situs in the circumstances shown.