## McDANIEL v. UNITED STATES.
### No. 7075.

Circuit Court of Appeals, Seventh Circuit.
Dec. 6, 1939.

T. S. Morgan, of East St. Louis, Ill., and Edward H. S. Martin, of Chicago, Ill., for appellant.

Young M. Smith, of Washington, D. C., Arthur Roe, U. S. Atty., of Vandalia, Ill., and William M. Lytle, Atty., Department of Justice, of Chicago, Ill., Julius C. Martin, Director, Bureau of War Risk Litigation, of Washington, D. C., Wilbur C. Pickett, Sp. Asst. to Atty. Gen., and Thomas E. Walsh, Atty., Department of Justice, of Washington, D. C., for appellee.

Before EVANS, TREANOR, and KERNER, Circuit Judges.

KERNER, Circuit Judge.

Appellant was granted war risk yearly renewable term insurance in the amount of $10,000, payable in the event of death or total permanent disability occurring while the contract was in force. He entered the service on April 29, 1918, was honorably discharged on June 18, 1918, and premiums were paid on the policy to and including July 1, 1918. He was entitled to the receipt of unpaid compensation under the provisions of Sec. 305 of the World War Veterans' Act, as amended, 38 U.S.C. § 516, 38 U.S.C.A. § 516, up to December 1, 1920, in a sufficient amount to revive his policy, if he became totally and permanently disabled subsequent to the lapse of his policy before December 1, 1920.

Appellant filed the complaint in this action on September 8, 1936, seeking to recover on the policy for a total permanent disability which he alleges occurred to him on or prior to June 18, 1918. He alleged in his complaint that during the life of the policy he became totally and permanently disabled as a result of "chronic parenchymatous nephritis; kidney trouble; heart trouble; general weakness and general disability."

The Government by its answer denied that appellant became totally and permanently disabled during the life of the insurance contract as the result of any disease.

The cause was submitted to the court for trial without a jury. It determined the issues in favor of appellee, entered a finding that the appellant was not at any time both totally and permanently disabled although at certain times he had been totally disabled, found that at all times since June 1918 he has suffered a partial disability which in all probability will continue throughout his life, and rendered judgment against appellant who now prosecutes this appeal.

On this appeal appellant contends that the court found contrary to the clear weight of the evidence, while, on the other hand, the appellee contends that the trial court's decision was clearly correct, amply supported by the evidence, and that the only question before us is whether the finding and judgment were clearly erroneous.

Briefly stated, the pertinent facts are that before his enlistment appellant was a railroad section hand, with some experience as a milk wagon driver. In the army, after a typhoid inoculation, he became ill, and was taken to a hospital where he remained until his discharge from military service on June 18, 1918. Upon returning home he was placed under the care of a physician, who has treated him from time to time.

In April or May of 1920 he moved to a farm, where he has since lived, his wife managing the farm with the aid of their children. At the time of his enlistment he was twenty-six years of age, married, and father of one son; since that time he has had nine other children.

There was testimony to the effect that his legs were swollen; that he was afflicted with spells occurring at intervals not longer than three weeks apart and lasting an hour or two on each occasion; that his eyesight was such that he could not recognize people four or five feet away; and that he was unable to do any work.

Dr. C. W. Johnson testified that he began to treat the appellant shortly after his discharge from the army and that he has treated him ever since, up to February, 1939, for angina pectoris, rheumatism, and valvular heart disease; that about one year after his return from the army chronic nephritis was discovered, which gradually became worse; that the spells testified to by the lay witnesses were caused by the attacks of angina pectoris, the attacks coming at five-days to three-weeks intervals, and that in the last five or six years he has treated appellant for one or two attacks; that appellant was able to take care of the stock, do the light work and supervise the farming, but that the valvular heart disease makes it dangerous for him to perform hard manual labor; and that the heart disease and nephritis are permanent.

Dr. F. B. Pearce testified that he treated appellant on February 15, 1929 for arthritis, heart disturbance, and kidney trouble; that appellant was in an army hospital from April 23, 1931 to May 7, 1931, suffering with pain in the back, swelling of the feet and body, and heart trouble; and that he was of the opinion appellant was not capable of performing any manual labor.

The record also discloses the testimony of twelve lay witnesses to the effect that the spells rendered appellant unconscious for twenty to thirty minutes, that they never saw him perform manual labor, but that he might be able to perform chores on the farm.

The record also contains the testimony of a number of lay witnesses to the effect that they had seen appellant drive a team alone; drive an automobile; plow a little; do light chores, such as feeding the chickens; put out feed for the cows; slopping hogs; milking cows; breaking ground and cultivating a truck patch; bringing a load of feed home, with some member of the family; plowing corn with a double-shovel; and that in 1938 appellant was a candidate and campaigned for the office of sheriff.

The record also discloses that during the period from June 18, 1918 to December 2, 1938 appellant received disability compensations amounting to $15,556.65, and that in an application for compensation he stated he had worked from December, 1918 to January, 1919 as a teamster at monthly wages of $100, at the Rumsey Dairy during January and February, 1919 at $90 per month, and that he was also employed from May, 1919 to August, 1919.

Dr. Edward T. Galliger testified that he examined appellant in October, 1928 and found a valvular heart disease, mitral insufficiency which was well compensated (by "well compensated" is meant that the heart muscles had sufficient power to maintain its functions), and nephritis which was chronic without retention of protein

metabolities; that the heart was not enlarged and there was no evidence of cardiac decomposition; that in October of 1928, and on numerous other occasions thereafter, up to September 25, 1934, appellant was active; and that he never had any such thing as angina pectoris.

Drs. John E. Cashin, John P. Bowser and Patrick McGinnis testified that they had examined appellant on May 7, 1936 and found that his heart condition was good and his nephritis mild. These physicians, as well as Drs. Galliger, Meyers, Lyons and Mollica, each of whom had examined appellant, testified that his disabilities were not of such a character as to prevent him from carrying on ordinary activities not involving hard labor or severe physical effort.

To recover on appellant's war risk contract it was incumbent to establish (1) that while the policy was in force appellant had an impairment of mind or body which rendered it impossible for him to follow continuously a substantially gainful occupation, and (2) that conditions were present at the time his contract lapsed which rendered it reasonably certain that such disability would continue throughout his life. United States v. Crain, 7 Cir., 63 F.2d 528, Glick v. United States, 7 Cir., 93 F.2d 953. The policy does not cover partial permanent disability or authorize any payment for physical or mental impairment that is less than total permanent disability, United States v. Spaulding, 293 U.S. 498, 504, 505, 55 S.Ct. 273, 79 L.Ed. 617, and the burden of proof was upon the appellant to establish that he became both totally and permanently disabled. Miller v. United States, 294 U.S. 435, 55 S.Ct. 440, 79 L.Ed. 977.

Counsel for appellant concedes the correctness of these principles, but contends that the findings of the trial court were clearly and manifestly wrong.

We are not unmindful, in determining questions of fact in these cases, that the appellant is entitled to a liberal construction. American National Bank & Trust Co., etc. v. United States, 7 Cir., 104 F.2d 783.

The record in the instant case contains all of the evidence offered upon the trial. We have examined the record and find a serious conflict of testimony. Where evidence is conflicting and the trial judge has had the opportunity of seeing the witnesses, observing their demeanor while testifying, judging their candor and intelligence, and thus enabled to determine their credibility and the weight to be given to their testimony, the findings of the trial court are persuasive and presumptively correct, but not conclusive. Présidio Mining Co. v. Overton, 9 Cir., 270 F. 388, 390. However, the finding should not be set aside nor disturbed unless clearly erroneous. Rules of Civil Procedure for District Courts, Rule 52, 28 U.S.C.A. following § 723 c. The trial court resolved the conflict in the evidence in favor of the appellee and his finding that appellant was not at any time both totally and permanently disabled is sustained by substantial evidence.

The judgment is affirmed.