### DEARBORN NAT. CASUALTY CO. v. CONSUMERS PETROLEUM CO.

No. 9891.

United States Court of Appeals
Seventh Circuit.

Dec. 8, 1949.

The Court of Appeals, Per Curiam, affirmed the judgment on ground that trial court's finding that defendant had given notice of accident as required by policy was not clearly erroneous.

Andrew J. Farrell, Chicago, Ill., for appellant.

Harry G. Hershenson, Chicago, Ill., James B. McKeon, Chicago, Ill., for appellee.

Before DUFFY, FINNEGAN and LINDLEY, Circuit Judges.

PER CURIAM.

Dearborn National Casualty Company issued its policy of automobile liability and property damage insurance to the defendant, Consumers Petroleum Company.

On November 16, 1942, plaintiff filed a complaint for a declaratory judgment as to its liability under this policy. The complaint alleged that an accident involving defendant's fuel oil truck occurred on October 17, 1941 and that no written notice thereof was given to the plaintiff until January 19, 1942, 94 days after the accident occurred. This it was charged was a breach of the conditions of the insurance contract which provided that written notice of the occurrence of an accident should be given to the insurer, or its agent, as soon as practicable.

The case was before this Court in Dearborn National Casualty Company v. Consumers Petroleum Company, 164 F.2d 332.

At that time we vacated an order of dismissal and remanded the case to the District Court with directions that it comply fully with the Federal Rules of Civil Procedure, 28 U.S.C.A., and make a finding as to when defendant received notice or sufficient information to impose upon it the duty of reporting the accident to the plaintiff, as required by the policy.

In the record now before us, the District Court finds:

"That on the 17th day of October, 1941 the defendant, Consumers Petroleum Company, through its employee, Philip Buhle, was operating a certain fuel oil truck and was in the act of delivering oil from said truck to the basement of said building located at 401 Oak Street, Chicago, Illinois; that the building and property of George Loverde and Vito Loverde, was damaged by fire.

"That at the time of said fire, Philip Buhle, defendant's driver in charge of the delivery of oil to the aforesaid premises, called defendant on the telephone and advised Mr. Schurman, President of the defendant corporation, that the building at 401 Oak Street, Chicago, Illinois, was on fire and that he could not make delivery of the fuel oil.

"That the Consumers Petroleum Company was served with summons in the case of Loverde v. Consumers Petroleum Company, Circuit Court of Cook County, Case No. 42 C 210, which suit was filed January 9, A. D. 1942; that at the time of the service of said summons the insured had no knowledge or notice of any accident that would suggest that any liability might have been incurred by the said Consumers Petroleum Company; that upon being served with summons, Schurman called the Company's attorney to have the Court files checked to ascertain what the suit was about.

"That after receiving from its attorneys information as to the nature of said suit, the defendant made a further investigation; ascertained that it had never sold or delivered oil to George Loverde or Vito Loverde, and did then and there check its record to see whether there had been a delivery of oil to any person at 401 Oak Street, Chicago, Illinois, on the date in question; that it learned from such investigation that Philip Buhle, one of its drivers, had a stop to make at that address on the date in question; that upon calling the said Philip Buhle into its offices for the purpose of ascertaining what connection there was between the fire and the delivery of oil, the

279

defendant for the first time ascertained the real facts; that it thereupon had the said Philip Buhle make out a report, which report together with summons which had been served upon it, was mailed immediately to the plaintiff; that defendant notified the plaintiff of said accident on January 19, A. D. 1942, as soon as practicable after it knew that there might be a connection between the delivery of oil and said fire.

"That the defendant` did not have information of the accident until after it was served with summons on January 9, A. D. 1942."

On this appeal the plaintiff contends that the facts as found by the trial court are not supported by the evidence. We have examined the record and are satisfied that the detailed facts found by the trial court are supported by substantial evidence. Such findings should not be set aside or disturbed unless they are clearly erroneous. McDaniel v. United States, 7 Cir., 108 F.2d 450.

The judgment of the District Court is therefore affirmed.