**Charles T. HVASS, Petitioner,**

v.

**The Honorable Henry N. GRAVEN, as
Judge of the United States District
Court for the Northern District of Iowa,
and the Honorable Edwin R. Hicklin,
as Judge of the United States District
Court for the Northern District of Iowa,
by Assignment, Respondents.**

No. 15980.

United States Court of Appeals
Eighth Circuit.

June 26, 1958.

Certiorari Denied Oct. 13, 1958.

See 79 S.Ct. 58.

**2**

Charles Alan Wright, Austin, Tex. (Warren B. King, Minneapolis, Minn., and M. E. Rawlings, Sioux City, Iowa, on the brief), for petitioner.

Theodore G. Gilinsky, Asst. U. S. Atty., and F. E. Van Alstine, U. S. Atty., Sioux City, Iowa (Philip C. Lovrien, Asst. U. S. Atty., Sioux City, Iowa, on the brief), for respondents.

Before GARDNER, Chief Judge, and VOGEL and MATTHES, Circuit Judges.

GARDNER, Chief Judge.

This is an original proceeding brought by petitioner Charles T. Hvass seeking writ of prohibition and mandamus against respondents, the Honorable Henry N. Graven, as Judge of the United States District Court for the Northern District of Iowa, and the Honorable Edwin R. Hicklin, as Judge of the United States District Court for the Northern District of Iowa, by assignment.

Petitioner Hvass was on March 20, 1956, indicted in the Northern District of Iowa for perjury allegedly committed in a proceeding before Judge Graven. Thereafter, on March 21, 1956, Judge Graven entered an order assigning the case for trial to the Honorable George T. Mickelson, United States District Judge for the District of South Dakota, then sitting in the Northern District of Iowa by assignment. Without arraignment petitioner filed a motion to dismiss the indictment on the ground that it failed to state facts sufficient to constitute an offense against the United States. On hearing of this motion Judge Mickelson sustained same and entered an order dismissing the indictment. United States v. Hvass, D.C., 147 F.Supp. 594. From this order the United States perfected a direct appeal to the United States Supreme Court and in due course, on the 3rd day of March, 1958, the Supreme Court reversed the order and remanded the case to the United States District Court for the Northern District of Iowa for further proceedings, 355 U.S. 570, 78 S.Ct. 501, 2 L.Ed.2d 496. In the meantime and on January 1, 1957, Judge Mickelson's assignment to the

Northern District of Iowa expired and respondent Judge Hicklin was duly assigned to the Northern District of Iowa on the 1st day of September, 1957, for a period expiring the 1st day of September, 1959. On March 11, 1958, petitioner, still without arraignment, filed a new motion to dismiss the indictment. Thereupon Judge Graven entered the following order:

"On March 20th, 1956, when the Indictment was returned in this case the then United States District Judge for the Southern District of Iowa was disabled. He died in December, 1956. Since August, 1957, the Honorable Edwin R. Hicklin has been the United States District Judge for the Southern District of Iowa. He is the only out of district judge who now holds a current assignment to this District.

"It Is, Therefore, Ordered that all further proceedings in the above-entitled case will be handled by the Honorable Edwin R. Hicklin, United States District Judge for the Southern District of Iowa, with whom counsel in the case will take up all matters directly which relate to the case."

Following the entry of this order and before any proceedings had been had before Judge Hicklin, the present proceeding was commenced, seeking writ of prohibition and mandamus against respondents restraining, prohibiting and preventing them from making, entering or enforcing, or in any manner complying with said order reassigning the case, and restraining, prohibiting and preventing them from in any manner interfering with, directly or indirectly, any further proceedings in said action or the disposition thereof by Judge Mickelson.

In this proceeding petitioner challenges the validity of the order designating Judge Hicklin to try the case on substantially the following grounds: (1) the case of United States v. Hvass is properly pending before Judge Mickelson, (2) Judge Graven lacks jurisdiction to reassign a pending case, and (3) issuance of an extraordinary writ in these circumstances is appropriate.

Judge Mickelson was designated and assigned to the Northern District of Iowa for periods finally expiring January 1, 1957. The designation was a general one " * * * to hold or assist in holding the District Court of the United States in and for the several divisions of the Northern District of Iowa * * * in place or in aid of the Honorable Henry N. Graven, United States District Judge for the said Northern District of Iowa." The designation was made pursuant to statutory authority providing that:

"The chief judge of a circuit may, in the public interest, designate and assign temporarily any district judge of the circuit to hold a district court in any district within the circuit." Section 292(b), Title 28 U.S. C.A.

The powers that may be exercised by a district judge so designated and assigned are prescribed by statute. Section 296, Title 28 U.S.C.A. The statute, after providing that a designated and assigned judge shall have all powers of a judge of the court to which he is designated and assigned, provides that:

"A justice or judge who has sat by designation and assignment in another district or circuit may, notwithstanding his absence from such district or circuit or the expiration of the period of his designation and assignment, decide or join in the decision and final disposition of all matters submitted to him during such period and in the consideration and disposition of applications for rehearing or further proceedings in such matters."

As herein recited, immediately following petitioner's indictment Judge Graven referred the case to Judge Mickelson who was then acting under assignment to the Northern District of Iowa. Petitioner then presented to Judge Mickelson a motion to dismiss the indictment. That motion was sustained and Judge Mickelson entered an order on the only matter submitted to him, and so far as he was

concerned the case was terminated by an order of dismissal. Petitioner had not been arraigned and the question of his guilt or innocence had not been made an issue by the entrance of any plea. The assignment and designation of Judge Mickelson specifically provided that, "This assignment shall extend to cover disposition of any matters submitted during the above period of assignment." At the expiration of the period of his assignment there were no undisposed of matters which had been submitted to him during his period of assignment. The extent and limitations of the power of an assigned district judge are well defined by the United States Supreme Court in Frad v. Kelly, 302 U.S. 312, 58 S.Ct. 188, 191, 82 L.Ed. 282, as follows:

> "When an assigned judge has presided at the trial of a cause, he is to have power, though the period of his service has expired, and though he may have returned to his own district, to perform the functions which are incidental and supplementary to the duties performed by him while present and acting in the designated district. And where a cause has been submitted to him in the designated district, after his return to his own district he may enter decrees or orders and file opinions necessary to dispose of the case, notwithstanding the termination of his period of service in the foreign district. But the act goes no farther. *It clearly does not contemplate that he shall decide any matter which has not been submitted to him within the designated district."* (Emphasis supplied.)

The power reserved which may be exercised after the expiration of an assignment is illustrated by the decisions in Clarke v. Chicago, B. & Q. R. Co., 10 Cir., 62 F.2d 440 and United States v. Goldstein, 8 Cir., 271 F. 838. In the instant case the motion filed by petitioner does not seek a rehearing on his prior decision, nor does he seek any further action on that motion, but he appropriately files a *new* motion recognizing that final action had theretofore been taken on his first motion. We do not think the pending motion can be said, within the purview of the statute, to present for consideration a matter submitted to Judge Mickelson within the time of his assignment and designation to the Northern District of Iowa. The decisions in Sunrise Mayonnaise, Inc., v. Swift & Co., D.C.E.D.Pa., 88 F.Supp. 187; United States v. Brooks, 4 Cir., 176 F.2d 482; United States v. Garsson, D.C.S.D.N.Y., 291 F. 646 and United States v. Marachowsky, 7 Cir., 213 F.2d 235, relied upon by petitioner on this point are readily distinguishable on their facts, and analysis of them would unduly lengthen this opinion and serve no useful purpose.

■■ But it is contended that Judge Graven was without jurisdiction to reassign this case to Judge Hicklin. There is no doubt that Judge Graven was the Chief Judge of the Northern District of Iowa and as such had power to exercise whatever jurisdiction was vested in that court. Sections 136 and 137, Title 28 U.S.C.A. The effect of petitioner's contention is that this case, having once been referred to Judge Mickelson while he had power to exercise the jurisdiction of the United States District Court for the Northern District of Iowa, vested in him exclusive power to hear and determine the case. The statute is permissive in form and provides that an assigned judge, after the expiration of his assignment, *"may"* act, etc. There may well be cases in which a failure of the assigned judge to act in matters submitted to him during the time of his assignment would result in a miscarriage of justice, in which event it would be an abuse of discretion on the part of the assigned judge not to act, and there might well be circumstances under which it would be an abuse of discretion on the part of the Chief Judge not to refer the decision in such matters to the assigned judge, but there are no such circumstances apparent in the present case. Carried to its logical conclusion petitioner's contention would prevent any case once assigned to a district judge for decision and trial thereafter to be assigned to another district

judge. The prevailing practice of the district judges in this circuit at least is to the contrary. See Wisniewski v. United States, 8 Cir., 247 F.2d 292; Segal v. United States, 8 Cir., 246 F.2d 814; American Surety Co. v. Schottenbauer, 8 Cir., 257 F.2d 6. In each of these cases there were two trials, each trial being had before a different judge.

Jurisdiction to try petitioner's case is vested in the United States District Court for the Northern District of Iowa and it remains there notwithstanding the fact that Judge Mickelson, while assigned to the Northern District of Iowa, had power to exercise that jurisdiction. He did not, at the expiration of his period of assignment, retain or take with him out of the district the power to exercise that jurisdiction except as to matters submitted to him while he was so assigned.

It is argued that Judge Graven did not have authority to revoke the old order by which he assigned the case to Judge Mickelson for hearing. The short answer to this contention is that he did not revoke his old order nor withdraw the case from Judge Mickelson and assign it to Judge Hicklin. He merely in due course as an administrative act routinely assigned the case on his docket and assigned it to the only judge, aside from himself, who then had power to exercise the jurisdiction of the court. This is made abundantly clear by Judge Graven's memorandum opinion wherein it is said:

"It is the further view of the Court under the type of assignment referred to that the Judge of the District retains control of the docket of his District and the assignment of cases, subject only to the limitations that matters presently under consideration by the outside Judge should await his consideration and that reviews of his rulings and holdings should not be had."

Manifestly, the order here assailed did not affect litigation before another judge, as was the case in United States v. Heath, D.C.Haw., 103 F.Supp. 1, relied on by petitioner. There is no suggestion that Judge Hicklin is disqualified, nor is there any doubt that he has the power to exercise, under his assignment to the Northern District of Iowa, the jurisdiction of that court, and a litigant has no vested right to have his case tried before any particular judge. In Levine v. United States, 8 Cir., 182 F.2d 556, 559, we said:

"But even if control over the assignment of cases were not observed by the court under the rule, the judges have inherent power to administer the business of the courts in an orderly way. Litigants have no vested right in the order in which cases are assigned for trial; and it is not contended that the judge to whom the case was assigned was in any way disqualified."

The issuance of the extraordinary writs sought in this proceeding should be confined to cases where the petitioner has an unquestioned legal right to have the performance of the particular duties sought to be enforced or enjoined. They will not be issued as a matter of right. As said by the United States Supreme Court in Roche v. Evaporated Milk Ass'n, 319 U.S. 21, 63 S.Ct. 938, 941, 87 L.Ed. 1185:

"The traditional use of the writ in aid of appellate jurisdiction both at common law and in the federal courts has been to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so."

The case of La Buy v. Howes Leather Co., Inc., 352 U.S. 249, 77 S.Ct. 309, 1 L.Ed.2d 290, may be said to have liberalized the rule somewhat to the extent that the writs may issue in exceptional cases where there has been a flagrant abuse of discretion by a trial judge. In Great Northern Railway Company v. Hyde, 8 Cir., 245 F.2d 537, 538, in discussing the La Buy case we pointed out that:

"The La Buy case, as the Supreme Court took pains to point out, presented an extreme situation of a District Judge abusing judicial power which 'amounted to little less than an abdication of the judicial function depriving the parties of a trial before the court on the basic issues involved in the litigation.' "

█ It is only in the exceptional case that the appellate court will exercise its discretion to issue such writs and we have consistently held that this discretion should be sparingly exercised. Sound Investment & Realty Co. v. Harper, 8 Cir., 178 F.2d 274; Hydraulic Press Mfg. Co. v. Moore, 8 Cir., 185 F.2d 800; Leimer v. Reeves, 8 Cir., 184 F.2d 441; Wabash R. Co. v. Duncan, 8 Cir., 170 F.2d 38. In Sound Investment & Realty Co. v. Harper, supra [178 F.2d 277], we said:

"The application is addressed to the sound judicial discretion of the court but is subject to rules of procedure governing such matters. Before the court will issue the writ it must be made to appear that the petitioner has an unquestioned legal right to have the performance of the particular duties sought to be enforced. It must also appear that petitioner has no other plain, adequate and complete method of obtaining the relief to which he is ultimately entitled. In other words, it must appear that without the issuance of the writ there will be a miscarriage of justice."

In the Harper case we also said:

"The writ, however, may not be invoked as a substitute for appeal and it will not lie as a general rule where there is a remedy by appeal even in cases where such an appeal may involve inconvenience, delay or expense to the petitioner."

█ We do not think there are any such exceptional circumstances in this case as to require this court to exercise its discretion. On the contrary, we think the facts rather clearly demonstrate that there is no basis for invoking the power of this court to grant the relief applied for in this proceeding.

For all the foregoing reasons the petition will be denied.