**UNITED STATES of America,**
**Plaintiff,**

v.

**Thomas E. KEANE, Defendant.**

**No. 74 CR 359.**

United States District Court,
N. D. Illinois, E. D.

May 17, 1974.

James R. Thompson, U. S. Atty., Tyrone C. Fahner, James S. Montana, Jr., Asst. U. S. Attys., Chicago, Ill., for plaintiff.

John P. Coghlan, Jerome H. Torshen, Chicago, Ill., for defendant.

## MEMORANDUM AND ORDER ON DEFENDANT'S MOTIONS

This matter is now before the Executive Committee pursuant to motions by defendant Thomas E. Keane that:

1. this cause be ordered returned to the Executive Committee of this Court for assignment in accordance with Rule 10 of the Local Rules of this Court;

2. that the Honorable Bernard M. Decker be recused from further participation in this cause or any part thereof;

3. that all proceedings be stayed;

4. that the Court promptly set for hearing the question of disciplinary sanctions against defendant's attorneys; and

5. that the U. S. Attorney be made subject to such disciplinary sanctions.

For the reasons set forth below, we are of the opinion that defendant's first motion should be denied and that the remaining motions should be referred to the presiding trial judge, the Honorable Bernard M. Decker, for ruling.

On May 2, 1974, defendant was indicted for violations of 18 U.S.C. § 371 and § 1341. Immediately after the return of the indictment, Chief Judge Edwin A. Robson was notified by the United States Attorney, in open court, that in his opinion 74 CR 359 would be protracted, difficult and widely publicized. Upon examination of the 21-count indictment, the Chief Judge identified the case as one that would be protracted, difficult and widely publicized and thus subject to the provisions of this Court's General Order dated May 17, 1972. He then referred the matter to the Executive Committee for assignment. The Committee concurred in Chief Judge Robson's finding and ordered the case assigned to Judge Decker.[1] See Minute Order dated May 2, 1974. It is this procedure defendant now challenges.

In general, Local Rule 10 provides for the random assignment of judges in civil and criminal cases. However, this Court's General Order dated May 17, 1972 establishes exceptional procedures for cases which the Chief Judge has identified as being protracted, difficult or widely publicized. That order states:

"By the unanimous direction of The Executive Committee of the United States District Court for The Northern District of Illinois, in executive session on March 10, 1972, the following procedure was adopted to implement the Resolution of the Judicial Conference of the United States, adopted October 29, 1971, calling for a program for the prompt disposition of protracted, difficult or widely publicized cases:

(1) The Chief Judge shall have the sole responsibility to identify cases to be removed from regular assignment and to give appropriate instructions to the Clerk for this purpose.

(2) The Executive Committee shall act as the assignment committee, and no assignment of any case shall be made except on written order joined in by at least three members of the Executive Committee. The case may be assigned either to another judge of the court, or, where there are unusual circumstances, as determined by the Executive Committee, a request may be made to the Chief Judge of the Circuit to assign the particular case

---

1. The Executive Committee is composed of the Chief Judge and Judges James B. Parsons, Hubert L. Will, Bernard M. Decker, and William J. Lynch. Judge Decker took no part in the assignment of this case nor has he participated in the consideration of this motion.

either to another judge in the circuit or to a judge outside the circuit.

(3) Under ordinary circumstances, the Chief Judge will call a meeting of the Executive Committee in his chambers, where its business will be conducted; however, in exceptional cases, the Chief Judge, in his discretion, may dispense with a formal meeting and communicate orally with the members of the Executive Committee before sending the proposed order to them for their signatures." [2]

In support of his first motion defendant argues that:

1. the assignment procedures utilized violated his due process rights in that he was not permitted a hearing on the issue of whether his case was "protracted, difficult, or widely publicized";

2. the challenged General Order contravenes Rules 45(d), 47, 49, and 57 of the Federal Rules of Criminal Procedure; and

3. the General Order permitted the United States Attorney to "forum shop" thus creating the appearance of judicial impropriety.

■ It is well settled that district courts retain the inherent power to control the assignment and transfer of cases so as to facilitate the business of the court and to promote the expeditious administration of justice, Levine v. United States, 182 F.2d 556, 559 (8th Cir. 1950); cert. denied, 340 U.S. 921, 71 S. Ct. 352, 95 L.Ed. 665; Hvass v. Graven, 257 F.2d 1, 5 (8th Cir. 1958). Rule 50 of the Federal Rules of Criminal Procedure codifies this general principle. Rule 57, F.R.Crim.Proc., delegates to individual courts the authority to regulate the details of assignment procedure in a manner best suited to the individual needs of each district. Pursuant to this authority, the General Order of May 17, 1972, was adopted by the Executive Committee.[3]

■ As the defendant concedes, due process does not accord him a right to have a judge assigned to his case on a random basis. Nor does it require a hearing on the issue of whether defendant's case will be protracted, difficult or widely publicized.

■ Due process does require that criminal defendants be accorded a fair trial before an impartial judge[4]. But a defendant has no vested right to have his case tried before any particular judge, nor does he have the right to determine the manner in which his case is assigned to a judge. Local regulations are promulgated by district courts primarily to promote efficiency of the court and the court has a large measure

2. The 1971 Report of the Judicial Conference of the United States outlined suggested procedures to be followed for the prompt disposition of protracted, difficult or widely publicized cases. Defendant has argued that our General Order has not specifically adopted each of these suggested procedures. It is specious to contend that the verbatim recitation of each and every suggestion is required. The Executive Committee has stated its intention to fully implement the Judicial Conference's Resolution. In fact, on the issue of assignment of a judge by designation, the Judicial Conference recommends that this be done by the Chief Judge alone, whereas in this district, it is done by the *entire* Executive Committee.

3. 28 U.S.C. § 137 completes that statutory framework surrounding the assignment of cases. It provides, in relevant part:

"§ 137. Division of business among district judges

"The business of a court having more than one judge shall be divided among the judges as provided by the rules and orders of the court.

"The chief judge of the district court shall be responsible for the observance of such rules and orders, and shall divide the business and assign the cases so far as such rules and orders do not otherwise prescribe."

It is undisputed that the procedure followed is in accord with our General Order of May 17, 1972. Defendant's objections are directed rather at the propriety of those procedures.

4. It is significant that not once in defendant's 20-page brief has he alleged that the assigned trial judge is biased or prejudiced against him, nor has an affidavit to that effect been filed. If the defendant is of the opinion that bias or prejudice exists, his exclusive remedy is under 28 U.S.C. § 144.

of discretion in applying them. United States v. Dichiarinte, 385 F.2d 333, 337 (7th Cir. 1967), cert. denied 390 U.S. 945, 88 S.Ct. 1029, 19 L.Ed.2d 1133; United States v. Simmons, 476 F.2d 33, 35 (9th Cir. 1973); Lance, Inc. v. Dewco Services, Inc., 422 F.2d 778, 784 (9th Cir. 1970); United States v. Stone, 411 F.2d 597, 598 (6th Cir. 1969); Hvass v. Graven, *supra*; Levine v. United States, *supra*. It therefore follows that the Executive Committee retains,

> " . . . the power and sole obligation to determine when a mechanical application of the routine assignment procedure will not be in the furtherance of justice or when it may be an affirmative hindrance thereto." United States v. Isaacs, 71 CR 1086, Jan. 26, 1972, Unpublished Opinion of Executive Committee, p. 5.

■ The defendant also objects to the manner in which the United States Attorney notified the Chief Judge that he considered 74 CR 359 to be subject to the provisions of our General Order of May 17, 1972. The defendant argues that Rules 45(a), 47 and 49 of the Federal Rules of Criminal Procedure require that the "notice" be served upon him and that he be given an opportunity to respond. Defendant's argument, however, misconstrues the function of the "notice" filed by the United States Attorney. It cannot be equated with a formal motion. It is merely a device by which the government alerted the Chief Judge to the possibility that the case may be widely publicized, protracted, and complex. This procedure may also be employed by defense counsel or the Clerk of the Court; or the Chief Judge could have referred this case to the Executive Committee without any "notice." Thus, the General Order does not contemplate, nor do the Federal Rules of Criminal Procedure require, an adversary hearing as a matter of course.

■ However, when a genuine factual dispute arises as to whether a case will be protracted, difficult and widely publicized, the Executive Committee will conduct a hearing on the issue. But this case does not warrant such a hearing. The defendant has been a prominent public figure for many years and it is undisputed that this case will generate considerable publicity. We emphasize that publicity alone is insufficient to precipitate a departure from this district's established tradition of random assignment of cases. There must be a concurrent finding that the case is likely to be both protracted and difficult.

■■ The twenty-one count indictment charges the defendant with participating in a series of complex business ventures allegedly in violation of state conflict of interest laws and designed to defraud the City of Chicago and its citizens. It is evident from the face of the indictment that the trial of this cause will be lengthy and involve the testimony of many witnesses, as well as the introduction of considerable documentary evidence. It is obvious that this case will be protracted and difficult and we take judicial notice of that fact.

■■ Defendant next contends that the failure of the Executive Committee to publish its General Order of May 17, 1972, violated Rule 57, F.R. Crim.P. Initially we note that Rule 57 requires the publication of local rules and not general orders. Furthermore, since the defendant had no right to participate in the assignment procedure, he could not have been prejudiced by his ignorance of this General Order.

■ Defendant also contends that the extraordinary assignment procedure employed herein, permitted the United States Attorney to "forum shop" and thereby created the appearance that the Executive Committee was acting as the "handmaiden" of the prosecutor. Defendant's argument is patently frivolous and offensive to this Committee. The United States Attorney did not suggest that any particular judge be assigned to this case. The Executive Committee exercises sole discretion over the assignment of cases of this nature and is not

influenced by the desires of the United States Attorney. Judge Decker was selected, in part, because he was the senior judge on the Executive Committee without a protracted and difficult case currently pending. Additionally, Judge Decker, has at the present time, a light criminal calendar. Moreover, his many years on the state and federal bench make him exceptionally well qualified to try protracted and complex cases.

Defendant's other arguments have been considered and found to be without merit.

Defendant's motion to recuse must be presented to and ruled upon by the presiding trial judge. With respect to defendant's three remaining motions, sound judicial administration dictates that they also be ruled upon by the trial judge. Accordingly, we have referred these motions to Judge Decker.

Finally, we note the distinct lack of civility displayed by counsel in these proceedings. Briefs are submitted for the persuasion of the court as to contested issues of law and not as a vehicle for venting counsels' rancor. We caution counsel for both the defendant and the government to refrain from such conduct in the future. *See*, Local Rule 1.-07 (N.D.Ill.).

It is therefore ordered:

1. That defendant's motion for an order returning this cause to the Executive Committee for assignment in accordance with Rule 10 of the Local Rules of this Court shall be, and the same is hereby, denied.

2. Defendant's motion that Judge Bernard M. Decker be recused shall be, and the same is hereby, referred to him for ruling.

3. Defendant's motion for a stay of all proceedings shall be, and the same is hereby, referred to Judge Decker for ruling.

4. Defendant's motion for a prompt hearing on the question of disciplinary sanctions against defense counsel shall be, and the same is hereby, referred to Judge Decker for ruling.

5. Defendant's motion that the United States Attorney be made subject to disciplinary sanctions shall be, and the same is hereby, referred to Judge Decker for ruling.

<div align="center">

EDWIN A. ROBSON

JAMES B. PARSONS

HUBERT L. WILL

WILLIAM J. LYNCH

Executive Committee