**BOARD OF SCHOOL DIRECTORS OF the CITY OF MILWAUKEE; Kristine D. Leopold, as a Member of the Board of School Directors of the City of Milwaukee and as parent and next friend of Cassandra R. Leopold, Christopher Leopold; Joyce P. Mallory, as a Member of the Board of School Directors of the City of Milwaukee and as parent and next friend of Damien Warren Mallory, Plaintiffs,**

v.

**STATE OF WISCONSIN et al., Defendants.**

**Civ. A. No. 84–C–0877.**

United States District Court, E.D. Wisconsin.

Aug. 3, 1984.

Irvin B. Charne, Howard A. Pollack and James H. Hall, Jr., Charne, Glassner, Tehan, Clancy & Taitelman, S.C., Milwaukee, Wis., for plaintiffs.

Bronson C. La Follette, Atty. Gen., and Roxanne C. Brown, Asst. Atty. Gen., Dept. of Justice, Madison, Wis., for defendants State of Wis.; Anthony S. Earl, in his official capacity as Governor of the State of Wis.; and Herbert S. Grover, in his official capacity as State Superintendent of Public Instruction.

Juan Colas, Madison, Legal Counsel to defendant Anthony S. Earl, Governor.

Robert J. Mussallem, Madison, Wis., Chief Legal Counsel to defendant Herbert S. Grover, State Superintendent of Public Instruction.

Thomas J. Arenz and Charles H. Bohl, Frisch, Dudek & Slattery, Ltd., Milwaukee, Wis., for defendants Agency School Committee of Cesa 19, Virginia Stolhand, Co-op. Educational Service Agency 19, William D. Bergum, and Paule Kolff.

Warren L. Kreunen, Timothy G. Dugan and William C. Pickering, von Briesen & Redmond, S.C., Milwaukee, Wis., for defendants School Boards of the School Districts of Brown Deer, Greendale, Greenfield, Mequon-Thiensville, St. Francis, Shorewood, and Whitefish Bay.

William J. Mulligan, John F. Maloney, Michael R. Wherry, and William S. Sosnay, Mulcahy & Wherry, Milwaukee, Wis., for defendants: Boards of Education of Cudahy School Dist., Fox Point-Bayside School Dist., Franklin School Dist. No. 5, Menomonee Falls School Dist., Oak Creek-Franklin School Dist. and South Milwaukee School Dist.

Mark F. Vetter, Harney B. Stover, Jr., and Kathleen A. Barrett, Davis & Kuelthau, S.C., Milwaukee, Wis., for defendant School Bd. of the Wauwatosa School Dist.

Herbert P. Wiedemann, Thomas L. Shriner, Jr., Richard M. Esenberg, and Brian W. McGrath, Foley & Lardner, Milwaukee, Wis., for defendant Bd. of Educ. of the School Dist. of West Allis-West Milwaukee, et al.

Curry First and Richard Perry, Perry, First, Reiher, Lerner & Quindel, S.C., Milwaukee, Wis., for proposed intervenor, Milwaukee Teachers' Educ. Ass'n.

## ORDER

REYNOLDS, Chief Judge.

The business of this court is divided among the judges as provided by rules of the court. 28 U.S.C. § 137. The judges of this court have adopted Local Rule 4.01 providing that the cases be assigned to a judge by a method of random allocation. Local Rule 5.07 provides an exception to this rule, and that is when a new case is filed, it is assigned to the judge who has a related pending case. If the new case is not related to the pending case, then the judge sends it back to the clerk of court for reassignment by the random assignment method.

To assist the clerk, Rule 5.07(d) requires the lawyer, when a case is filed, to list all related pending cases on the Civil Cover Sheet (form JS 44C), which is a form approved by the Judicial Conference of the United States. This was done in this case, and the plaintiff properly listed *Armstrong v. Board of School Directors of the City of Milwaukee,* C.A. No. 65–C–183, as a related case, and the new case was sent to me since the pending case was assigned to me. I must therefore determine whether the new case is "related" to the pending case in the sense that the term is used in case assignments.

Although most districts use the random assignment system (see 8 Fed.Proc.L.Ed. § 20:257 n. 29), research has uncovered no decisions construing what a "related" case is. The Civil Cover Sheet provides some guidance in that it provides:

"CIVIL CASES ARE DEEMED RELATED IF PENDING CASE INVOLVES:

1. Property included in an earlier numbered pending suit

2. Same issue of fact or grows out of the same transaction

3. Validity or infringement of the same patent copyright or trademark"

Thus, the question to be determined is whether the pending case involves the "[s]ame issue of fact or grows out of the same transaction" as the new case.

 The purpose of assigning a case to the judge of a pending related case is to foster judicial economy while not fostering judicial specialization. The assignment of cases does not give or deny any litigant any due process rights. Even a criminal defendant has no due process rights in the assignment of his case. *United States v. Keane*, 375 F.Supp. 1201 (N.D.Ill.1974), aff'd 522 F.2d 534 (7th Cir.1975). Thus, where pending cases involve the same property or patent, direct assignment will be made because resolution of one case will necessarily affect resolution of the other. By the same reasoning, when the alleged relationship involves common issues of fact, direct assignment is appropriate if resolution of the pending case will have an impact on the resolution of the newly filed case, or vice versa.

The new case seeks an inter-district school desegregation remedy to enable the Milwaukee School District to remedy "unlawful dual structure of education in the Milwaukee metropolitan area." The pending case involved a desegregation order entirely within the Milwaukee School District. Both actions concern the question of school desegregation. The Board of School Directors of the City of Milwaukee is a party in each, but the defendants in the new action consist of three state defendants, five regional defendants, and twenty-four local school districts who were not parties to the pending lawsuit.

The factual underpinnings of the new case, as set forth in the plaintiff's complaint, involve substantially different facts and a substantially different time frame from the facts and time frame in the pending case. The resolution of one case will not affect the other. Therefore I conclude that this new case is not sufficiently related to the pending case as to foster judicial

economy, and that it should be returned to the office of the Clerk of Court for random assignment pursuant to Local Rule 4.01.

IT IS SO ORDERED.