977 F.2d 580
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James W. BARRETT; Friends of James W. Barrett Committee;
Dionne Thomas, Treasurer, Friends of James W.
Barrett Committee, Plaintiffs-Appellants,
v.
Mitchell J. BROWN; City of Cleveland, Defendants-Appellees.
 No. 92-3094.
 United States Court of Appeals, Sixth Circuit.
 Oct. 5, 1992.
As Amended Feb. 2, 1993.
 
 Before BOGGS and SUHRHEINRICH, Circuit Judges, and WELLFORD, Senior Circuit Judge.
 
 ORDER
 
 1
 Plaintiffs appeal the district court's summary judgment for defendants in this civil rights action filed under 42 U.S.C. § 1983. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and the record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a). Moreover, although requested to do so by May 29, 1992, the parties have not filed statements in support of oral argument. They are deemed to have waived oral argument pursuant to Rule 9(d), Rules of the Sixth Circuit.
 
 
 2
 Plaintiffs maintained that defendants interfered with their rights of free speech under the First Amendment and denied them equal protection by wrongfully threatening them with prosecution under a city ordinance concerning the removal of political signs. Plaintiffs contended that the ordinance was inapplicable in their case and that the threat of prosecution irreparably harmed their campaign. Subsequently, the district court entered summary judgment in favor of defendants and dismissed the complaint.
 
 
 3
 Initially, we find that Judge Batchelder acted within her continuing authority to dispose of matters over which she had presided when she entered judgment in this case. See Hvass v. Graven, 257 F.2d 1, 4 (8th Cir.), cert. denied, 358 U.S. 835 (1958). Further, the district court did not abuse its discretion by denying the motions for default judgment. See Grandbouche v. Clancy, 825 F.2d 1463, 1468 (10th Cir.1987).
 
 
 4
 As to the merits, we hold that defendants are entitled to judgment as a matter of law because the ordinance under which plaintiffs were allegedly threatened with prosecution is not an unconstitutional restraint on protected speech. See Members of the City Council of the City of Los Angeles v. Taxpayers for Vincent, 466 U.S. 789, 805 (1984); Gary v. Town of Darien, 927 F.2d 69, 73 (2d Cir.), cert. denied, 112 S.Ct. 170 (1991).[1] The ordinance is content neutral, narrowly tailored to serve a significant government interest, and leaves open ample alternative channels of communication. See Ward v. Rock Against Racism, 491 U.S. 781, 791 (1989); Ater v. Armstrong, 961 F.2d 1224, 1226 (6th Cir.1992).
 
 
 5
 Finally, defendants are entitled to judgment on plaintiffs' claim that they were denied equal protection. Plaintiffs' allegations are conclusory and do not meet the burden of making a prima facie showing of selective prosecution. See United States v. Bustamante, 805 F.2d 201, 202 (6th Cir.1986).
 
 
 6
 Accordingly, the district court's summary judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 [1]
 Plaintiffs were allegedly threatened with prosecution under Cleveland Ordinance 623.14, which prohibits the unauthorized placement on any public or private property of any poster, placard or sign "advertising, publicizing or containing thereon information concerning any event, organization or candidate for office." While this provision appears to be facially unconstitutional because it is not content neutral, when read in pari materia with Ordinances 623.12 and 623.13, our First Amendment concerns are satisfied. See Members of the City Council of the City of Los Angeles v. Taxpayers for Vincent, 466 U.S. 789 (1984)